**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| -vs- | : | C.A. NO. 06-478S |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, INC. | : | |
| | : | |
| -vs- | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**THIRD-PARTY COMPLAINT**
**<u>OF O'CONNOR CORPORATION</u>**

1. Plaintiff John MacArthur has filed a Complaint against defendant and third-party plaintiff O'Connor Corporation ("O'Connor") alleging that he was injured on or about September 23, 2005, while working as an employee of The Berlin Steel Construction Company at the Brayton Point Power Plant in Somerset, Massachusetts. A copy of said Complaint is attached hereto as Exhibit A and thereby incorporated herein.

2. Upon information and belief, third-party defendant, Hartford Fire Insurance Company ("Hartford"), is a corporation duly authorized to issue insurance policies within the Commonwealth of Massachusetts.

3. Upon information and belief, third-party defendant, The Berlin Steel Construction Company ("Berlin"), is a corporation organized under the laws of the State of Connecticut.

4. On or about March 16, 2005, third-party plaintiff O'Connor entered into a Subcontract with third-party defendant Berlin for the erection of structural steel at the Brayton Point Power Plant.

5. Paragraph 15 c. states in pertinent part:

"If any person (including employees or (sic) Subcontractor) suffers injury or death ...as a result, in whole or in part, of Subcontractor's acts or omissions...Subcontractor assumes the liability therefor and shall to the fullest extent permitted by law indemnity and hold harmless therefrom the Owner and Contractor...from and against any and all suits, actions, legal or administrative proceedings, claims, demands, damages, liabilities, judgments, interest, attorney's fees, costs and expenses of whatsoever kind or nature ...in any manner caused in whole or in part by the acts or omissions of Subcontractor, its subcontractors or of anyone acting under its direction or control or on its behalf in connection with or incidental to its performance of its obligations under this Subcontract..."

6. Paragraph 16 of said Subcontract in pertinent part states:

"16. Insurance

"Prior to commencing the work, Subcontractor shall procure, with Contractor and the Owner and such other parties as are required by Contractor and/or the Contract Documents named as additional insured parties on a primary basis...insurance coverage acceptable to Contractor..."

7. Upon information and belief, Berlin obtained the required insurance from third-party defendant Hartford which issued a Certificate of Liability Insurance, a copy of which is attached as Exhibit B and thereby incorporated herein, which Certificate names third-party plaintiff O'Connor as an additional insured, which coverage was primary and non-contributing.

8. Defendant and third-party plaintiff O'Connor has denied all allegations of negligence on its behalf and has requested that third-party defendants, Berlin and Hartford, defend and indemnify it from all claims by the plaintiff.

9. Third-party defendants, Berlin and Hartford, have failed and refused to defend O'Connor.

10. O'Connor is entitled to its reasonable attorney's fees and costs in defending against plaintiff's Complaint and prosecuting this Third-Party Complaint.

WHEREFORE, third-party plaintiff, O'Connor Corporation, demands entry of Judgment against third-party defendants, The Berlin Steel Construction Company and Hartford Fire Insurance Company, for indemnification and its reasonable attorney's fees and costs.

/s/ James H. Reilly
JAMES H. REILLY #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Third-Party Plaintiff
O'Connor Corporation
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

To: Thomas A. Tarro, III, Esquire
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886

CERTIFICATION

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electron Filing (NEF) on November 17, 2006, and that there are no non-registered participants.

/s/ James H. Reilly

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN MACARTHUR, Plaintiff<br><br>VS.<br><br>O'CONNOR CORPORATION and<br>O'CONNOR CONSTRUCTORS, INC.<br>Defendants | CA 06 478<br>C.A. NO.: |

**COMPLAINT**

Now comes the Plaintiff in the above-entitled matter and alleges and says as follows:

**JURISDICTION**

1. Jurisdiction of this Court is proper under 28 U.S.C., §1332. Plaintiff is a citizen of the State of Rhode Island and the Defendants, O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, INC., are foreign corporations, organized and existing under the laws of the State of Massachusetts. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

**PARTIES**

2. Plaintiff, John MacArthur, at all times material hereto is a resident of the County of Providence, State of Rhode Island.

3. Defendant, O'CONNOR CONSTRUCTORS, INC., is a foreign corporation organized and existing under the laws of the State of Massachusetts and upon information and belief constructed a set of stairs at the Brayton Point Power Plant located in Somerset, Massachusetts.

4. Defendant, O'CONNOR CORPORATION, is a foreign corporation organized and existing under the laws of the State of Massachusetts and upon information and belief constructed a set of stairs at the Brayton Point Power Plant located in Somerset, Massachusetts.

## CAUSE OF ACTION

## COUNT I

## NEGLIGENCE

5. Plaintiff, John MacArthur, on or about September 23, 2005, was a business invitee upon the Brayton Point Power Plant as an employee of Berlin Steel Construction Company.

6. At all times material hereto, Plaintiff, John MacArthur was in the exercise of due care and caution.

7. At all times material hereto the Defendants knew or in the exercise of due care should have known the Plaintiff and/or others in a similar position would have been upon said premises.

8. Defendants, their agents, servants and/or employees were under a duty to exercise reasonable care to keep the premises safe, free from defects, free from hazardous conditions, and safe for the intent and purposes of said location.

9. Defendants, their agents, servants and/or employees were under a duty to exercise reasonable care to protect the Plaintiff by inspection, and other affirmative acts, from injuries resulting from defective and unsafe conditions upon the premises.

10. Defendants, their agents, servants and/or employees were under a duty to have available sufficient personnel and equipment to properly inspect and maintain the premises in a condition reasonable safe for the Plaintiff and free from defects and conditions rendering it unsafe.

11. Defendants, their agents, servants and/or employees were under a duty to warn the Plaintiff or others in a similar capacity of any dangerous or unsafe conditions existing upon the premises.

12. Defendants, their agents, servants and/or employees did negligently and carelessly breach all of the aforesaid duties and as a direct and proximate result of said negligence, the Plaintiff, John MacArthur, tripped and fell on a defective stair which had been constructed by the Defendant.

13. As a direct and proximate result of said incident and the negligence of the Defendants as complained of herein, the Plaintiff, John MacArthur sustained severe, permanent, personal injuries which incapacitated him; he has been prevented and will continue to be prevented from carrying on his usual activities. He suffered, presently suffers and in the future will suffer great pain of body and mind; he incurred, is continuing to incur and will in the future incur great expenses for medical and hospital care and attention; he has sustained, and in the future, will sustain a loss of earnings, salary and/or wages.

WHEREFORE, Plaintiff demands Judgment against the Defendants jointly and severally in an amount sufficient to sustain the jurisdiction of this Court and to be determined by the trier of fact for compensatory damages, plus interest and costs.

Plaintiff,

By and through his Attorney,

Thomas A. Tarro, III, Esq., #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

Dated: October 26, 2006

PLAINTIFF HEREBY CLAIMS HIS RIGHT TO TRIAL BY JURY.

EXHIBIT B

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY) 03/30/05

PRODUCER 1-860-560-2766
'thur J. Gallagher & Co. of Connecticut, Inc.
10 Columbus Boulevard
Hartford, CT 06106

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

INSURED
The Berlin Steel Construction Company
76 Depot Road
Berlin, CT 06037

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Great American Alliance Ins Co | 26832 |
| INSURER B: Hartford Fire Insurance Co. | |
| INSURER C: Landmark Amer Ins Co | 33138 |
| INSURER D: | |
| INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| B | | GENERAL LIABILITY | 02UENQU0132 | 03/31/05 | 03/31/06 | EACH OCCURRENCE | $1,000,000 |
| | | X COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $300,000 |
| | | CLAIMS MADE X OCCUR | | | | MED EXP (Any one person) | $10,000 |
| | | X Broad Form GL | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | POLICY X PRO-JECT X LOC | | | | | |
| B | | AUTOMOBILE LIABILITY | 02UENQU0133 | 03/31/05 | 03/31/06 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | X ANY AUTO | | | | | |
| | | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | SCHEDULED AUTOS | | | | | |
| | | X HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | X NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ANY AUTO | | | | OTHER THAN AUTO ONLY: EA ACC | $ |
| | | | | | | AGG | $ |
| A | | EXCESS/UMBRELLA LIABILITY | UMB5654501 | 03/31/05 | 03/31/06 | EACH OCCURRENCE | $10,000,000 |
| | | X OCCUR CLAIMS MADE | | | | AGGREGATE | $10,000,000 |
| | | | | | | | $ |
| | | DEDUCTIBLE | | | | | $ |
| | | X RETENTION $10,000 | | | | | $ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | 02WNQU0130 | 03/31/05 | 03/31/06 | X WC STATUTORY LIMITS / OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? INCL EXCL | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| C | | OTHER Excess Liability | LHA025207 | 03/31/05 | 03/31/06 | Each Occurrence | 20,000,000 |
| | | | | | | Aggregate | 20,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
* Cancellation - Except 10 days notice due to non-payment of premium

RE: Erection of the Unit #1 SCR Structural Steel at Dominion Generations Brayton Point Station.
O'Connor Corporation Inc. and its affiliates and their respective employees, agents, officers, partners and directors and anyone else acting for or on behalf of them and any of their respective assigns are named as additional insureds with respect to operations performed by the named insured. Waiver of subrogation included. Coverage is primary and non-contributing.

## CERTIFICATE HOLDER

O'Connor Corporation, Inc.
,5 Industrial Drive
Canton, MA 02021
USA

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL *30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE Robert A. Poradnia


© ACORD CORPORATION 1988

Powered By CertificatesNow™