UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, and O'CONNOR SAFETY CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**NOTICE of 30(b)(6) DEPOSITION**

**DEPONENT:** **O'Connor Corporation, pursuant to Rules 30(b)(5), Rule 30(b)(6) and 34 of the Federal Court Rules of Civil Procedure**

**TIME & DATE OF TAKING: TUESDAY, JULY 17, 2007 at 10:00 A.M.**

TO:

James H. Reilly
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

C. Russell Bengston
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, RI 02903

Lauren Motola-Davis
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Please take notice that pursuant to Rule 30(b)(5), Rule 30(b)(6) and Rule 34 of the Superior Court Rules of Civil Procedure, the Plaintiff will take the testimony on oral examination of the **O'Connor Corporation** on **Tuesday, July 17, 2007 at 10:00 a.m.** at **The Law firm of Thomas A. Tarro, III, 300 Centerville Road, Summit East, Suite 330, Warwick, Rhode Island** before a Notary Public of the State of Rhode Island and thereafter from day to day as the taking of the deposition may be adjourned, at which time and place you are notified to appear and take part in the examination as you may be advised and as shall be fit and proper.

The deponent is requested to bring with him/her any and all original documents which are set forth herein on the date of the scheduled deposition and produce a copy of same to undersigned counsel on or before the close of business on **Friday, July 13, 2007**. The wooden stairs referred to in this notice are the temporary wooden stairs located on Unit 1, Level 5 of the Brayton Point Power Plant, as referred to in Plaintiff's Complaint.

a. Original O'Connor T&M Extra Work Daily Timesheet No. 17381.

b. Original O'Connor/T&M Extra Work Daily Timesheet No. 25013.

c. Original O'Connor Contractor's Purchase Order No. 50-0014-01.

d. Original O'Connor Constructors' invoice No. 801, dated July 14, 2004.

e. Original O'Connor Safety site inspection form dated September 23, 2005.

f. Original O'Connor Safety Incident Report No. 05-4-11.

g. Any and all electronically created statements, memorandums, notes and journals pertaining to John MacArthur and/or the incident of September 23, 2005, when he tripped on wooden stairs located on Unit 1, Level 5.

h. Any and all notes, memorandums, journals, electronically created and stored documents of Donald Renovato, as it pertains to the incident involving John MacArthur, which is the subject matter of the Plaintiff's Complaint and the wooden stairs located on Unit 1, Level 5.

i. Any and all reports, memorandum, correspondence, email, electronically generated documents which in any way pertain to the construction, maintenance, repair or disassembly of the wooden stairs located on Unit 1, Level 5.

j. Any and all photographs taken, at any time, of the wooden stairs located on Unit 1, Level 5.

k. Any and all invoices or statements pertaining to the construction of the wooden stairs on Unit 1, Level 5, including, but not limited to, the cost of labor, materials used and invoices generated.

l. Any and all construction site safety manuals, policies and/or procedures which were in effect on Setpember 23, 2005.

m. Any and all agreements between the Defendant, O'Connor Corporation and the Defendant, O'Connor Constructors, Inc. with respect to the Brayton Point Power Plant, which were in effect on September 23, 2005.

n. Any and all agreements between Defendant, O'Connor Corporation and the Defendant, O'Connor Safety Corporation, with respect to the Brayton Point Power Plant, which were in effect on September 23, 2005.

o. Any and all policies of insurance which would cover the claims of the Plaintiff, John MacArthur, as alleged in the Plaintiff's Complaint.

On or before the **July 13, 2007**, O'Connor Corporation is requested to designate, in writing, to the Plaintiff, one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, with the most knowledge concerning the following designated matters, and whom the Defendant will fully prepare to testify regarding the following designated matters, and has such information that is known or reasonably available to O'Connor Corporation. The Deponent is further requested to set forth in the written designation for each person so designated, the matter or matters on which that person will testify.

The subject matters on which the examination is to be conducted are as follows:

1. The existence of the documents requested below herein pursuant to Federal Court of Civil Procedure Rule 34;

2. The electronic creation, duplication, and/or storage of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

3. Any and all document retention/destruction policies that would relate to any of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

4. The location of the documents herein requested pursuant to Federal Court of Civil Procedure Rule 34;

5. The organization, indexing and/or filing of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

6. The method of search for the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

7. The completeness of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

8. The authenticity of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

9. The construction of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who constructed the stairs;

b. the manner and method in which the stairs were constructed;

c. the material used to construct the stairs.

10. The daily timesheets created as a result of the construction of the stairs.

11. The invoice for materials for the construction of the stairs.

12. The invoice for labor of the construction of the stairs.

13. The interrelationship between O'Connor Contractors and O'Connor Corporation, with regard to services provided and the manner and method of intercompany billing.

14. The disassembly of the wooden stairs on Unit 1, Level 5.

15. The repairs of the wooden stairs on Unit 1, Level 5.

16. The construction blueprints pertaining to the wooden stairs.

17. The manner and method of reporting safety issues and hazardous conditions between O'Connor Safety Corporation, Berlin Steel and Dominion.

18. Construction site safety manuals, policies and procedure which were in effect on September 23, 2005.

19. The relationship between O'Connor Corporation and O'Connor Constructors, Inc., including, but not limited to:

   a. the officers, directors and shareholders of each corporation;

   b. the relationship between the corporation and any agreements pertaining to Brayton Point Power Plant construction project that were in effect on September 23, 2005;

   c. the policies and procedures of invoicing of work performed by O'Connor Constructors, Inc. to O'Connor Corporation.

20. The relationship between O'Connor Corporation and O'Connor Safety Corporation, including, but not limited to:

   a. the officers, directors and shareholders of each corporation;

b. the relationship between the corporation and any agreements pertaining to Brayton Point Power Plant construction project that were in effect on September 23, 2005;

c. the policies and procedures of invoicing of work performed by O'Connor Safety Corporation to O'Connor Corporation.

21. The policy of insurance coverage which would cover claims of the Plaintiff from personal injury as alleged in the Complaint.

Plaintiff,

By and through his attorney,

___/s/ Thomas A. Tarro, III____________
Thomas A. Tarro, III, Esq., #2046
**THE LAW FIRM OF THOMAS A. TARRO, III**
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 facsimile

**CERTIFICATION**

I, the undersigned, hereby certify that I have faxed and emailed a copy of the foregoing ***Notice of 30(b)(6) Deposition – O'Connor Corporation*** on the 15th day of June, 2007, to:

James H. Reilly
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

C. Russell Bengston
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, RI 02903

Lauren Motola-Davis
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

___/s/ Thomas A. Tarro, III__________