UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| VS. | : | |
| O'CONNOR CORPORATION O'CONNOR CONSTRUCTORS, INC. and O'CONNOR SAFETY CORPORATION | : | C.A. NO.: 06-478S |
| VS. | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**DEFENDANTS O'CONNOR CONSTRUCTORS, INC. AND O'CONNOR SAFETY CORPORATION'S MOTION FOR PROTECTIVE ORDER**

Now come defendants, O'Connor Constructors, Inc. and O'Connor Safety Corporation, by and through their counsel, and hereby move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. O'Connor Constructors, Inc. and O'Connor Safety Corporation seek a protective order preventing plaintiff's Rule 30(b)(6) depositions of O'Connor Safety Corporation and O'Conner Constructors, Inc.

In the alternative, O'Connor Constructors, Inc. and O'Connor Safety Corporation seeks a protective order requiring plaintiff to limit the scope of the Rule 30(b)(6) depositions of O'Connor Safety Corporation and O'Conner Constructors, Inc. to matters not previously covered in plaintiff's 30(b)(6) deposition of O'Connor Corporation.

In support of this motion, O'Connor Constructors, Inc. and O'Connor Safety Corporation rely upon the accompanying Memorandum of Law.

/s/ James H. Reilly, Esq.
James H. Reilly # 0658
KELLY, KELLEHER, REILLY &
SIMPSON
146 Westminster Street, Ste. 500
Providence, RI 02903
(401) 272-1313
(401) 331-9397 (fax)
jreilly@kkrs.com

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 31st day of October, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR<br><br>VS.<br><br>O'CONNOR CORPORATION<br>O'CONNOR CONSTRUCTORS, INC.<br>and O'CONNOR SAFETY<br>CORPORATION<br><br>VS.<br><br>THE BERLIN STEEL<br>CONSTRUCTION COMPANY and<br>HARTFORD FIRE INSURANCE<br>COMPANY | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO.: 06-478S |

**DEFENDANTS O'CONNOR CONSTRUCTORS, INC. AND O'CONNOR SAFETY CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Defendants O'Connor Constructors, Inc. and O'Connor Safety Corporation submit this memorandum of law in support of their motion for a protective order to prevent, or in the alternative to limit, the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Defendants respectfully request that this Court enter an order prohibiting the plaintiff from conducting the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. because plaintiff has already deposed Daniel Thibideau in plaintiff's 30(b)(6) deposition of defendant O'Connor Corporation. Mr. Thibideau would also be the most knowledgeable person to respond to plaintiff's 30(b)(6) deposition notices for O'Connor Safety Corporation and O'Connor Constructors, Inc. As such, deposing Mr. Thibideau a second time would only lead to

duplication of his previous testimony and cause an undue burden or expense to Defendants. In the alternative, Defendants request that this Court limit plaintiff's 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. to matters not previously covered in Mr. Thibideau's previous deposition.

## II. FACTS

Plaintiff claims to have suffered personal injuries as a result of a fall from some steps at the Brayton Point Power Plant. Defendant O'Conner Corporation was a general contractor at the power plant. O'Conner Corporation had sub-contracts with its subsidiaries, O'Connor Safety Corporation and O'Connor Constructors, Inc. for work conducted at the power plant.

On May 10, 2007, plaintiff conducted a 30(b)(6) deposition of Daniel Thibideau for the O'Connor Corporation. See Deposition Testimony of Daniel Thibideaux, attached hereto as "Exhibit A." Mr. Thibideau is an employee of O'Connor Safety. See Id. at pg. 6. Mr. Thibideau has knowledge of and testified regarding O'Connor Corporation, O'Connor Safety Corporation and O'Connor Constructors, Inc.'s knowledge regarding the incident at issue. See Id.

However, on September 19, 2007, plaintiff filed 30(b)(6) notice of depositions for both O'Connor Safety Corporation and O'Connor Constructors, Inc. See Doc. No. 39; Doc. No. 40. Many if not all of the documents requested in these 30(b)(6) notices have previously been produced to plaintiff in the discovery of this matter. Moreover, many of the topics in plaintiff's 30(b)(6) notices were previously covered in Mr. Thibideau's previous deposition. Counsel for O'Connor Safety Corporation made a good faith effort to resolve this dispute without court action. See October 4, 2007, Correspondence from Counsel for O'Connor Safety Corporation to Counsel for plaintiff, attached hereto as "Exhibit B."

## . III. ARGUMENT

### A. Allowing Plaintiff to Re-depose Mr. Thibideaux Would Constitute Annoyance and an Undue Burden or Expense Upon O'Connor Safety Corporation and O'Connor Constructors, Inc.

Rule 26 (c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions …

Fed. R. Civ. P. 26(c).

Absent some showing of need or good cause, Federal Courts will generally not require a deponent to appear for a second deposition. Sentry Ins. v. Shivers, 164 F.R.D. 255 (D. Kan. 1996). Scheduling a second deposition of a deponent without a showing of good cause supports a finding of annoyance and undue burden or expense. Id.

In PCS Phosphate Co., Inc. v. Norfolk S. Corp., 238 F.R.D. 555 (E.D. N.C. 2006), the court held that the plaintiff did not have to submit to a second deposition. Courts throughout the country have made similar holdings. See e.g., Welty v. Clute, 1 F.R.D. 446 (D. N.Y. 1940) (defendant's motion to take plaintiff's deposition was denied on the grounds that the plaintiff had previously been examined and cross-examined); Dixon v. Certainteed Corp., 164 F.R.D. 685 (D. Kan. 1996) (noting that absent some showing of need or good reason for doing so a deponent should not be required to appear for a second deposition).

Here, plaintiff has no need and cannot show good cause why Mr. Thibideau should be deposed for a second time. As previously noted, plaintiff has previously received most if not all of the documents requested in his 30(b)(6) notice of deposition. Moreover, plaintiff can send requests for production of documents for any of the documents requested which plaintiff believes that he does not have. Most importantly, Defendants have agreed to stipulate that Mr. Thibideau's testimony for both 30(b)(6) depositions would be the same as his prior deposition testimony on behalf of O'Connor Corporation. See "Exhibit B." Therefore, Defendants respectfully request that this Court enter an order prohibiting the plaintiff from conducting the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc.

**B. The 30(b)(6) Depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. Should be Limited to Matters Not Previously Covered in Mr. Thibideaux's Prior Deposition.**

In Jones v. State Farm Fire & Cas. Co., 129 F.R.D. 170 (N.D. Ind. 1990), the court held that State Farm's insured was entitled to a protective order that the insured's deposition be limited to areas not covered in the insured previous two examinations under oath.

In the event that this Court finds that plaintiff has a need or has shown good cause as to why Mr. Thibideau should be deposed for a second time, Defendants request that this Court limit plaintiff's 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. to matters not previously covered in Mr. Thibideau's previous deposition.

## IV. CONCLUSION

For the foregoing reasons, O'Connor Constructors, Inc. and O'Connor Safety Corporation respectfully request that this Court enter an order prohibiting the plaintiff from conducting the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc., or in the alternative, that this Court limit plaintiff's 30(b)(6) depositions of

O'Connor Safety Corporation and O'Connor Constructors, Inc. to matters not previously covered in Mr. Thibideau's previous deposition.

/s/ James H. Reilly, Esq.
James H. Reilly # 0658
KELLY, KELLEHER, REILLY & SIMPSON
146 Westminster Street, Ste. 500
Providence, RI 02903
(401) 272-1313
(401) 331-9397 (fax)
jreilly@kkrs.com

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 31st day of October, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.