UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, INC. And O'CONNOR SAFETY CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANTS' O'CONNOR CONSTRUCTORS, INC. AND O'CONNOR SAFETY CORPORATION'S MOTION FOR PROTECTIVE ORDER**

NOW COMES your Plaintiff, John MacArthur, and objects to the Defendants' O'Connor Constructors, Inc. and O'Connor Safety Corporation's Motion for Protective Order pertaining to the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc., which have been noticed by Plaintiff's counsel.

## FACTUAL BACKGROUND

This matter arises out of an incident which occurred on September 23, 2005 when the Plaintiff injured himself while descending a temporary wooden stairway

at a construction project at Brayton Point Power Plant in Somerset, Massachusetts. At the time the Plaintiff was an iron worker employed by Berlin Steel Construction Company. Berlin Steel Construction Company was a subcontractor of the Defendant, O'Connor Corporation.

The action was initially brought against O'Connor Corporation, the general contractor on the construction project at Brayton Point Power Plant and O'Connor Constructors, Inc., who was believed to have constructed the temporary stairs at issue. By and through discovery, the Plaintiff added Defendant O'Connor Safety Corporation, who was responsible for the construction site safety at the project at Brayton Point Power Plant.

Plaintiff noticed the 30(b)(6) deposition of O'Connor Corporation, which took place on July 31, 2007. The Notice of Deposition also included a request for document production pursuant to Rule 34 and Rule 30(b)(5) of the Federal Rules of Civil Procedure (A copy of the Second Amended Notice of 30(b)(6) Video Deposition is attached hereto and marked Exhibit "1").

Pertinent to the instant motion, the Plaintiff's Notice requested a designation, in writing, of one or more officers, directors or managing agents or other persons with the most knowledge concerning the subject matter set forth in the Notice of Deposition and whom the Defendant would fully prepare to testify regarding said subject matter and has such information that is known or reasonably available to Defendant, O'Connor Corporation.

The Notice of Deposition set forth the following subject matters for inquiry at the 30(b)(6) deposition:

1. The existence of the documents requested below herein pursuant to Federal Court of Civil Procedure Rule 34;

2. The electronic creation, duplication, and/or storage of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

3. Any and all document retention/destruction policies that would relate to any of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

4. The location of the documents herein requested pursuant to Federal Court of Civil Procedure Rule 34;

5. The organization, indexing and/or filing of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

6. The method of search for the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

7. The completeness of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

8. The authenticity of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

9. The construction of the wooden stairs located on Unit 1, Level 5, more specifically:

    a. the identity of individuals who constructed the stairs;
    b. the manner and method in which the stairs were constructed;
    c. the material used to construct the stairs.

10. The daily timesheets created as a result of the construction of the stairs.

11. The invoice for materials for the construction of the stairs.

12. The invoice for labor of the construction of the stairs.

13. The interrelationship between O'Connor Contractors and O'Connor Corporation, with regard to services provided and the manner and method of intercompany billing.

14. The disassembly of the wooden stairs on Unit 1, Level 5.

15. The repairs of the wooden stairs on Unit 1, Level 5.

16. The construction blueprints pertaining to the wooden stairs.

* * *

19. The relationship between O'Connor Corporation and O'Connor Constructors, Inc., including, but not limited to:

    a. the officers, directors and shareholders of each corporation;
    b. the relationship between the corporation and any agreements pertaining to Brayton Point Power Plant construction project that were in effect on September 23, 2005;
    c. the policies and procedures of invoicing of work performed by O'Connor Constructors, Inc. to O'Connor Corporation.

20. The relationship between O'Connor Corporation and O'Connor Safety Corporation, including, but not limited to:

    a. the officers, directors and shareholders of each corporation;
    b. the relationship between the corporation and any agreements pertaining to Brayton Point Power Plant construction project that were in effect on September 23, 2005;
    c. the policies and procedures of invoicing of work performed by O'Connor Safety Corporation to O'Connor Corporation.

The Defendant, O'Connor Corporation designated an individual by the name of Daniel Thibodeau as the person with the most knowledge concerning the designated subject matter and whom the Defendant had fully prepared to testify regarding said subject matters on behalf of the Defendant corporation. Mr. Thibodeau is a safety representative of O'Connor Corporation and O'Connor Safety Corp. (*Tr. 30(b)(6) Deposition of O'Connor Corporation, p. 7*). Mr. Thibodeau further testified that although he is a safety representative of O'Connor Corporation, O'Connor Safety Corp. pays his salary. (*Id*.)

Upon inquiry concerning the specific subject matters set forth in the 30(b)(6) Notice of Deposition, Mr. Thibodeau testified affirmatively that he was the person most knowledgeable at O'Connor Corporation with regard to the subject matter set forth in the deposition notice. However, with respect to issues between company to company to company, he responded, "That's the only issue that I'm not well-versed with." (*Id. p. 9*). Despite Mr. Thibodeau's aforementioned testimony, it became clear during the deposition that he was not the person most knowledgeable as to the various subject matters set forth in the 30(b)(6) Notice of Deposition, as demonstrated by the following:

1. Mr. Thibodeau testified that he did not have anything to do with corporate records, including where they are located and how they are filed. (*Id. p. 10-11*);

2. He had no knowledge as to the document retention policies of the corporation. (*Id. p. 11*);

3. He had no knowledge concerning the manner electronically generated documents were maintained by the corporation. (*Id*.);

4. Regarding the construction of the subject stairs, he could not testify as to whether the invoices he brought to the deposition pertained to the construction of the subject stairs. (*Id. p. 20*);

5. He had no knowledge concerning the identity of the directors and officers of O'Connor Corporation and O'Connor Constructors, Inc. (*Id. p. 21*);

6. He had no knowledge as to the manner and method by which O'Connor Corporation was billed for work performed by O'Connor Constructors, Inc. (*Id. pp. 22, 26*);

7. He testified that he did know who the person was with the most knowledge with respect to intercompany billing and he had no knowledge as to intercompany billing.. (*Id. p. 27*)

8. With respect to the construction of the subject stairs, he could not testify as to the date that the stairs were constructed, the individuals who constructed the stairs, the materials used to construct the stairs, the amount of time it took to construct the stairs, the amount billed by O'Connor Constructors, Inc. to O'Connor Corporation for construction of the stairs, the date the stairs were removed, the identity of the individuals who removed the stairs, the amount of time it took for the individuals to remove the stairs, the amount of

time billed by O'Connor Constructors, Inc. to O'Connor Corporation for removal of the stairs, whether any invoices with regard to repairs, modifications, alterations or work were performed on the stairs between the date that they were first installed and the date they were removed, nor the identity of any individuals who worked on the stairs with regard to any maintenance, alterations, modifications or repairs said period of time. (*Id. pp. 27-29*).

9. Further, the Mr. Thibodeau could not offer any testimony as to whether the subject stairs were constructed in accordance with the requirements as set forth in the Safety Manual. (*Id. p. 34*)

Based on the foregoing, the Plaintiff noticed the 30(b)(6) depositions of the two (2) co-Defendants, O'Connor Constructors, Inc. and O'Connor Safety Corporation. The 30(b)(6) Notice of O'Connor Constructors, Inc. sets forth subject matters for examination primarily concerning the construction, installation, maintenance, repair and removal of the subject stairs and invoicing between the companies for said work. The 30(b)(6) Notice of Deposition of O'Connor Safety Corporation sets forth subject matters for examination primarily concerning inspection of the areas where the subject stairs were located and complaints regarding the condition of said area. (The 30(b)(6) Notice of Deposition of O'Connor Constructors and O'Connor Safety are attached and marked Exhibits "2" and "3", respectively.)

The Defendants, O'Connor Constructors, Inc. and O'Connor Safety Corporation have filed a Motion for Protective Order preventing the Plaintiff's Rule 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc., on the grounds that Daniel Thibodeau, (who was produced to testify at the 30(b)(6) deposition of O'Connor Corporation) is the person most knowledgeable to respond to the Plaintiff's 30(b)(6) deposition notices for O'Connor Safety Corporation and O'Connor Constructors, Inc. Therefore, Mr. Thibodeau has already appeared for deposition at the 30(b)(6) deposition of O'Connor Corporation and he should not be made to submit to further depositions in response to the 30(b)(6) deposition notices for O'Connor Safety Corporation and O'Connor Constructors, Inc. In the alternative, the Defendants seek an Order of the court limiting the scope of the Rule 30(b)(6) deposition of O'Connor Safety Corporation and O'Connor Constructors, Inc. to matters not previously covered in Plaintiff's 30(b)(6) deposition of O'Connor Corporation.

Your Plaintiff objects to the Defendants' motion for the reasons set forth herein.

## LEGAL ARGUMENT

**A. Allowing the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. would not constitute annoyance, undue burden or expense upon the Defendants, where they are separate corporations and the individual who testified on behalf of O'Connor Corporation at its 30(b)(6) deposition was unable to offer meaningful testimony as to many of the subject matters which were set forth in the 30(b)(6) deposition of Defendant O'Connor Corporation.**

Your Plaintiff submits that the 30(b)(6) deposition of O'Connor Constructors, Inc. and O'Connor Safety Corporation would not constitute annoyance, undue burden or expense upon the Defendants in this matter. Firstly, the Defendants constitute two separate corporations, apart from the Defendant, O'Connor Corporation. Moreover, the Defendant's position that Mr. Thibodeau should not be re-deposed is without merit, where Mr. Thibodeau was unable to testify as to a great majority of the subject matters set forth in the 30(b)(6) Notice of Deposition of O'Connor Corporation. Accordingly, he clearly is not the person most knowledgeable in those areas and the Defendants O'Connor Constructors, Inc. and O'Connor Safety Corporation should be required to produce that individual who has the most knowledge as to those areas of inquiry.

As stated in Section I of Plaintiff's Memorandum, at the 30(b)(6) deposition of O'Connor Corporation, Mr. Thibodeau was unable to offer any meaningful testimony as to subject matters 1 through 15 and 19 through 20, as set forth in the 30(b)(6) Notice of Deposition. Plaintiff submits that it reasonably follows that Mr. Thibodeau is clearly <u>not</u> the most knowledgeable person to testify as to those subject matters. He should not have been identified as the most knowledgeable person to testify at the 30(b)(6) deposition of O'Connor Corporation on those areas of inquiry, and more importantly, he clearly should not be designated by Defendants O'Connor Constructors, Inc. and O'Connor Safety Corporation in response to the 30(b)(6) Notices served upon them to testify as to

the same areas of inquiry, as to which he has already indicated he has no knowledge in the prior deposition.

Accordingly, your Plaintiff submits that the Defendants argument that the 30(b)(6) Notice of Deposition of O'Connor Constructors, Inc. and O'Connor Safety Corporation should not be conducted because Mr. Thibodeau has already been deposed on these areas is entirely without merit. The Defendants' argument does not fall within the parameters of Rule 26 with respect to the issuance of Protective Order by the court to protect a person from annoyance, embarrassment, oppression or undue burden or expense because it is clear that Mr. Thibodeau is not the person with the most knowledge as to the numerous subject matters in the 30(b)(6) deposition of O'Connor Constructors, Inc. and O'Connor Safety Corporation. Therefore, Mr. Thibodeau should not be designated on behalf of the Defendants to testify at their respective 30(b)(6) deposition. One need only review the deposition transcript from the 30(b)(6) deposition of O'Connor Corporation to come to this conclusion. The fact he was designated by O'Connor Corporation at its 30(b)(6) deposition should in no way preclude Plaintiff from conducting 30(b)(6) depositions of the remaining co-Defendants.

**B. 30(b)(6) deposition of O'Connor Safety Corporation and O'Connor Constructors, Inc. should not be limited in any way in view of Mr. Thibodeau's lack of knowledge as to the majority of the subject matters set forth in the 30(b)(6) Notice of Deposition of O'Connor Corporation.**

The Plaintiff was unable to do any meaningful discovery through Mr. Thibodeau as to the subject matter set forth in the 30(b)(6) Notice of Deposition of

O'Connor Corporation Nos. 1 through 15 and 19 through 20, due to the simple fact that Mr. Thibodeau had no knowledge as to those areas.[1] Accordingly, there should be no limitation as to the Plaintiff's counsel's inquiry of the individual(s) who is designated by O'Connor Constructors, Inc. and O'Connor Safety Corporation to testify as to the subject matter set forth in the 30(b)(6) Notice of Deposition propounded upon them, and more particularly, subject matters Nos. 1 through 15 and 19 through 20.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Defendants, O'Connor Constructors, Inc. and O'Connor Safety Corporation's Motion for Protective Order prohibiting the Plaintiff from conducting the 30(b)(6) depositions of O'Connor Safety Corporation and O'Connor Constructors, Inc. or in the alternative, for an Order of the Court limiting the Plaintiff's 30(b)(6) deposition of O'Connor Safety Corporation and O'Connor Constructors, Inc. in this matter should be denied in all respects.

Plaintiff,
By and through his attorney,

/s/ Thomas A. Tarro, III
Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886

---

[1] Indeed, Mr. Thibodeau offered testimony as to individual who did have knowledge as to certain areas including invoicing for work performed by and between the co-Defendants, and particularly, the subject stairs. (*Tr. 30(b)(6) Deposition of O'Connor Corporation, p. 22*)

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Objection to Motion for Protective Order*** on the 7th day of November, 2007, to:

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

C. Russell Bengston, Esq.
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, RI 02903

Lauren Motola-Davis, Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

__/s/ Thomas A. Tarro, III________