UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MacARTHUR | : | |
| | : | |
| v. | : | C.A. No. 06-478S |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY CORPORA- | : | |
| TION | : | |
| | : | |
| v. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION | : | |
| COMPANY and HARTFORD FIRE | : | |
| INSURANCE COMPANY | : | |

**MEMORANDUM AND ORDER**

Before me for determination is Defendants' Motion for Protective Order (Document No. 42) directed at Rule 30(b)(6) deposition notices issued on September 19, 2007 as to Defendants O'Connor Constructors, Inc. and O'Connor Safety Corporation. (See Document Nos. 39 and 40). Defendants assert that they intend to designate Daniel Thibodeau as the Rule 30(b)(6) deponent for both entities. They argue that a protective order is warranted because Plaintiff already deposed Mr. Thibodeau as the Rule 30(b)(6) designee of O'Connor Corporation, a third related Defendant, and deposing him again would result in undue burden and expense.

Defendants have not met their burden of establishing "good cause" under Fed. R. Civ. P. 26(c) for the issuance of the requested protective order. First, Defendants O'Connor Constructors, Inc. and O'Connor Safety Corporation are separate legal entities from O'Connor Corporation, and Plaintiff is entitled to utilize Rule 30(b)(6) as to them. Second, Plaintiff has not renoticed Mr.

Thibodeau's deposition. It is Defendants who have again chosen to designate Mr. Thibodeau under Rule 30(b)(6).

Finally, in their Memorandum in Support, Defendants indicate that Mr. Thibodeau was deposed as O'Connor Corporation's Rule 30(b)(6) designee on May 10, 2007 and support their argument with a copy of the May 10, 2007 transcript. Defendants are mistaken. The Rule 30(b)(6) deposition in question took place in July 2007. (See Document No. 24). The May 10, 2007 deposition was not a Rule 30(b)(6) deposition. Thus, the transcript of that relatively brief fact deposition is not supportive of Defendants' argument. Neither party filed the transcript of the July 2007 O'Connor Corporation Rule 30(b)(6) deposition, and thus I have no basis upon which to determine the extent to which the areas covered by the O'Connor Constructors and O'Connor Safety Rule 30(b)(6) notices were addressed in the O'Connor Corporation Rule 30(b)(6) deposition.

For the foregoing reasons, Defendants' Motion for Protective Order (Document No. 42) is DENIED. However, since Mr. Thibodeau has been deposed twice already (as a fact witness and as O'Connor Corporation's 30(b)(6) designee), Plaintiff shall conduct the Rule 30(b)(6) depositions of O'Connor Constructors and O'Connor Safety on the same day, and such depositions are limited to a total time of four (4) hours.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 8, 2007