UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, INC. And O'CONNOR SAFETY CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER**

NOW COMES your Plaintiff, John MacArthur, by and through his counsel, and hereby moves for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff seeks an Order preventing his deposition, which has been scheduled to take place on December 4, 2007 by counsel for the Defendant, O'Connor Safety Corporation.

In the alternative, Plaintiff seeks a Protective Order requiring Defendant's counsel to limit the scope of Plaintiff's deposition to matters not previously covered in the deposition of the Plaintiff, which previously took place on April 19, 2007.

## FACTUAL BACKGROUND

This matter arises out of an incident which occurred on September 23, 2005 when the Plaintiff injured himself while descending a temporary wooden stairway at a construction project at Brayton Point Power Plant in Somerset, Massachusetts. At the time, the Plaintiff was an iron worker employed by Berlin Steel Construction Company. Berlin Steel Construction Company was a sub-contractor of the Defendant, O'Connor Corporation.

The action was initially brought against O'Connor Corporation, the general contractor, on the construction project at Brayton Point Power Plant and O'Connor Constructors, Inc., who is believed to have constructed the temporary stairs at issue. By and through discovery, Plaintiff learned that O'Connor Safety Corporation was responsible for the construction site safety at the project at Brayton Point Power Plant.

When the Plaintiff's Complaint was initially served upon the Defendants O'Connor Corporation and O'Connor Constructors, Inc., Attorney James Reilly entered his appearance for both Defendants and answered the Complaint, on behalf of same, on or about November 22, 2006.

Subsequently, Attorney Reilly noticed the deposition of the Plaintiff, which took place on April 19, 2007. At the time of the deposition of the Plaintiff, the parties were aware of the existence of O'Connor Safety Corporation and the fact that said corporation was responsible for construction site safety at the project. Attorney Reilly had made representations to Plaintiff's counsel in and around that

time that he represented all three (3) Defendants, including Defendant O'Connor Safety Corporation.

As stated previously, the Plaintiff's deposition took place on April 19, 2007. The deposition was 1 ½ hours in duration, during which time Attorney Reilly inquired of the Plaintiff as to a variety of areas, including the facts surrounding the incident in question, the Plaintiff's employment history, medical history and medical care and treatment subsequent to the incident which took place on September 23, 2005. Attorney Reilly also inquired made inquiry of the Plaintiff as to the basis for his claim for damages in this matter.

On or about June 15, 2007, the Plaintiff filed a formal Motion to Amend the Complaint to add O'Connor Safety Corporation as a party defendant, which motion was granted by the court on or about July 5, 2007.

Subsequently, Plaintiff's counsel forwarded correspondence to Attorney Reilly on two (2) separate occasions, specifically July 9, 2007 and July 12, 2007, inquiring as to whether Attorney Reilly would accept service for all three (3) Defendants, including O'Connor Safety Corporation. (Exhibit "1" collectively) In a reply correspondence, dated July 18, 2007, Attorney Reilly indicated that he would accept service of the Amended Complaint for all three (3) Defendants. (Exhibit "2")

Attorney Reilly answered the Complaint on behalf of O'Connor Corporation and O'Connor Constructors, Inc. on August 9, 2007. Subsequently, Attorney Walsh entered his appearance for O'Connor Safety Corporation.

Attorney Walsh filed an Answer to the Amended Complaint on behalf of O'Connor Safety Corporation, on or about August 16, 2007.

On or about November 7, 2007, Attorney Reilly noticed the deposition of the Plaintiff to take place on December 4, 2007.

Plaintiff now files the instant motion for a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure, seeking an Order preventing, or in the alternative, limiting the deposition of the Plaintiff in view of the factual background herein.

## LEGAL ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides as follows:

> **General Provisions Governing Discovery: Duty of Disclosure. – *****
>
> (c) *Protective Orders.* Upon motion by a party or by the person whom discovery is sought, accompanied by a certification that the moveant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) That the disclosure or discovery not be had;
>
> * * *
>
> (4) That certain matters not be inquired to, or that the scope of the discovery or disclosure be limited to certain matters.
>
> * * *

Your Plaintiff seeks an Order of this court protecting him from having to have his deposition conducted, again in this matter, based on the factual

background as set forth in Section 1 herein. Attorney Reilly, who conducted the Plaintiff's deposition in April 2007 had represented to Plaintiff's counsel on numerous occasions that he was representing all three (3) Defendants, including O'Connor Safety Corporation. Attorney Reilly conducted a meticulous inquiry of the Plaintiff at his deposition, which lasted 1 ½ hours in duration. The deposition covered a variety of areas, including the factual basis surrounding the incident involving the Plaintiff when he injured himself in descending temporary wooden stairs at the Brayton Point Power Plant on September 23, 2005, the Plaintiff's injuries as a result thereof, his claims for damages, his medical care and treatment that has been rendered as a result, as well as his employment and medical history both prior to and subsequent to the incident.

Your Plaintiff submits that it would be burdensome for him to have to sit for another deposition to be conducted by Attorney Walsh, on behalf of O'Connor Safety Corporation, in this matter. Particularly, where Attorney Reilly had represented that he was representing all three (3) Defendants at the time that the deposition was conducted by him in April of 2007.

Plaintiff submits that the Defendant has failed to establish good cause as to why Plaintiff's deposition should be taken again in this matter, in view of the factual circumstances set forth herein. Accordingly, this court should grant the Plaintiff's Motion for Protective Order preventing the Plaintiff from having to sit at the deposition scheduled for December 4, 2007 as noticed by counsel for the Defendant, O'Connor Safety Corporation.

In the alternative, if the court is inclined to allow the deposition of the Plaintiff to take place as noticed by the Defendant O'Connor Safety Corporation, the Plaintiff seeks an Order of the court limiting the inquiry of the Plaintiff at deposition to matters that have not already been covered at his deposition which had previously taken place in April of 2007.

**CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that this court enter an Order prohibiting him from having to sit for the deposition scheduled by the Defendant, O'Connor Safety Corporation, to take place on December 4, 2007, or, in the alternative, that the court limit the scope of the deposition of the Plaintiff at that time to matters not previously covered in his deposition which took place in April 2007.

Plaintiff,
By and through his attorney,

___/s/ Thomas A. Tarro, III__________
Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886

# CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Memorandum in Support of Motion for Protective Order*** on the 3rd day of December 2007, to:

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

C. Russell Bengston, Esq.
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, RI 02903

Lauren Motola-Davis, Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

__/s/ Thomas A. Tarro, III________