UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| VS. | : | |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | C.A. NO.: 06-478S |
| CORPORATION | : | |
| | : | |
| VS. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**DEFENDANT O'CONNOR SAFETY CORPORATION'S OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant O'Connor Safety Corporation hereby objects to plaintiff's motion for protective order dated December 3, 2007. (Doc. No. 49).

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 19th day of December, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR<br><br>VS.<br><br>O'CONNOR CORPORATION<br>O'CONNOR CONSTRUCTORS, INC.<br>and O'CONNOR SAFETY<br>CORPORATION<br><br>VS.<br><br>THE BERLIN STEEL<br>CONSTRUCTION COMPANY and<br>HARTFORD FIRE INSURANCE<br>COMPANY | : | C.A. NO.: 06-478S |

**DEFENDANT O'CONNOR SAFETY CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Defendant O'Connor Safety Corporation submits this memorandum of law in opposition to Plaintiff's motion for a protective order to prevent, or in the alternative to limit the deposition of Plaintiff. Defendants respectfully request that this Court enter an order denying Plaintiff's motion for protective order. O'Connor Safety Corporation did not have the opportunity to depose plaintiff at his previous deposition because it was not a party in this action at that time. As such, Plaintiff has failed to establish good cause as to why O'Connor Safety Corporation should not be allowed to depose Plaintiff in this matter prior to trial.

## II. FACTS

Plaintiff claims to have suffered personal injuries as a result of a fall from some steps at the Brayton Point Power Plant. Defendant O'Connor Corporation was a general contractor at the

power plant. O'Connor Corporation had sub-contracts with its subsidiaries, O'Connor Safety Corporation and O'Connor Constructors, Inc. for work conducted at the power plant.

Defendants O'Connor Corporation and O'Connor Constructors, Inc. previously deposed Plaintiff on April 19, 2007. However, O'Connor Safety Corporation was not a defendant in this matter at that time and thus did not have the opportunity to depose plaintiff. After Plaintiff's deposition, Plaintiff was granted leave to file his Amended Complaint adding O'Connor Safety Corporation as a defendant in this matter. O'Connor Safety Corporation filed its answer to Plaintiff's Amended Complaint on August 16, 2007. O'Connor Safety Corporation attempted to schedule Plaintiff's deposition for December 4, 2007. Plaintiff filed his motion for protective order on December 3, 2007.

## III. ARGUMENT

### A. Plaintiff Failed to Attempt to Confer in Good Faith with O'Connor Safety Corporation in an Effort to Resolve this Dispute Without Court Action as Required by Federal Rule of Civil Procedure 26(c).

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person whom discovery is sought, **accompanied by a certification that the moveant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action,** and for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) That the disclosure or discovery not be had;
>
> * * *
>
> (4) That certain matters not be inquired to, or that the scope of the discovery or disclosure be limited to certain matters.
>
> * * *

Fed.R.Civ.P. 26(c) (emphasis added).

Here, Plaintiff has failed to confer with counsel for O'Connor Safety Corporation and has failed to file a certification with this Court that Plaintiff attempted to confer in good faith with counsel for O'Connor Safety Corporation to resolve this discovery dispute as required by Rule 26(c). See Doc. No. 48; Doc. No. 49. Therefore, Plaintiff's motion should be denied.

**B. Plaintiff Has Failed to Establish Good Cause as to Why O'Connor Safety Corporation Should Not be Allowed to Depose Plaintiff.**

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion by a party or by the person whom discovery is sought, accompanied by a certification that the moveant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, **and for good cause shown**, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) That the disclosure or discovery not be had;
>
> * * *
>
> (4) That certain matters not be inquired to, or that the scope of the discovery or disclosure be limited to certain matters.
>
> * * *

Fed.R.Civ.P. 26(c) (emphasis added). The burden to establish "good cause" under Rule 26(c) is on the party seeking the protective order. See e.g., United Phosphorus v. Midland Fumigant, 164 FRD 245 (D. Kan. 1995). The required "good cause" showing by the movant under Rule 26(c) must overcome the opposing party's legitimate and important interests in trial preparation. Alexander v. FBI, 186 FRD 1 (D.C. Dist. Col. 1998). Conclusory statements by the movant are insufficient to establish good cause under Rule 26(c). United States v. Torrance, 164 FRD 493 (C.D. Cal. 1995).

Here, Plaintiff argues that he should not be required to be deposed for a second time in this matter. However, O'Connor Safety Corporation was not a party in this action at Plaintiff's previous deposition and did not have the opportunity to question Plaintiff regarding his claims. O'Connor Safety Corporation should have the right to have its own counsel examine Plaintiff prior to trial as would clearly have occurred if plaintiff had brought this action against O'Connor Safety Corporation when his deposition was originally taken.

Interestingly, Plaintiff's counsel previously argued that he should have the opportunity to depose Daniel Thibideau for a third time in this matter. This Court denied O'Connor Safety Corporation and O'Connor Constructors, Inc.'s motion for a protective order and ordered that Plaintiff would be allowed to re-depose Mr. Thibideau. However, the Court placed a four hour time limit on Plaintiff to conduct the deposition. See Doc. No. 45. If, Plaintiff is entitled to depose Mr. Thibideau three times in this matter, Plaintiff should also be required to appear for a second deposition, particularly when O'Connor Safety Corporation did not have the opportunity to examine Plaintiff during his previous deposition. Therefore, Plaintiff's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, O'Connor Safety Corporation respectfully requests that this Court enter an order denying Plaintiff's motion for a protective order.

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 19th day of December, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.