UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| | : | |
| O'CONNOR CORPORATION and | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | |
| CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' JOINT MOTION FOR PHYSICAL EXAMINATION**

NOW COMES your Plaintiff in the above-entitled matter and objects to the Defendants' Joint Motion for Physical Examination, on the grounds that the Defendants' Motion does not comply with the requirements of Rule 35 of the Federal Rules of Civil Procedure.

**ARGUMENT**

Rule 35 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) **Order for Examination**. When the mental or physical condition (including the blood group) of a party or of a person in the custody or the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a

> physical or mental examination by a suitable licensed or certified examiner to produce for examination the person in the party's custody or legal control. ***The order may be made only on motion for good cause shown*** and upon notice to the person to be examined and to all parties ***and shall specify the time, place, manner, conditions and scope of the examination*** and the person or persons by whom it is to be made. (Emphasis added)

Plaintiff, John MacArthur, does not contest that the physical injuries to his left knee, right hip and low back are matters in controversy in this action. However, Defendants have not specified the "good cause" for the requested physical examination. Plaintiff has already been examined by treating physician, Dr. Peter Pizzarello, practicing in orthopedic medicine, who has been identified as an expert medical witness in the Plaintiff's Answers to Interrogatories. Defendants have been provided with Dr. Pizzarello's report and conducted Dr. Pizzarello's deposition on September 10, 2007.

Defendants assert in their Memorandum in Support of Motion for Physical Examination that the examination is necessary to assess the Plaintiff's current medical status. However, Defendants have not articulated why an independent exam is necessary, nor why Dr. Pizzarello's examination is not sufficient with regard to the Plaintiff's current medical status. *See* *Schlagenhauf vs. Holder*, 85 S. Ct. 234, 379 U.S. 104 (1964) (reaffirming that by adding the words "good cause" to Rule 35, there must be a greater showing of need than under the other discovery rules). Defendants have deposed Dr. Pizzarello, at which time they had an opportunity to inquire of him as to the Plaintiff's current medical status, the extent and nature of his injuries and prognosis. Moreover, the Defendants have not

identified any medical expert who is expected to testify, on their behalf, with regard to the Plaintiff's medical condition in response to the expert interrogatory propounded upon the Defendant, O'Connor Corporation or in Rule 26 Disclosure.

Further, Defendants have not disclosed the manner, conditions or scope of the examination being requested. Defendants have not disclosed whether any tests are to be performed on the Plaintiff, the nature of the exam to be conducted, nor the length of time needed for the physical examination. Plaintiff's counsel has not received a curriculum vitae of John Froehlich, M.D. nor is there any information pertaining to his area of specialty or expertise. Moreover, the Defendants have failed to indicate whether Dr. Froehlich has reviewed the Plaintiff's medical records and why examination is necessary, assuming that he has had an opportunity to review said records. Without this critical information, the Defendants' motion cannot be granted.

In the event this court finds the Defendants have established good cause to warrant ordering the physical examination of the Plaintiff, Plaintiff requests that his attorney be present at the physical examination and that it be videotaped. As grounds for this request, Plaintiff states that this motion is part of the discovery process and constitutes information which must be preserved similar to preserving evidence of independent testing. For example, if Dr. Froehlich conducts range of motion testing, a videotape will record the test and its results so that it can be more effectively evaluated by the parties and the jury. A verbatim record by videotape would safeguard the accuracy of the physical examination for all parties.

Videotaping physical exams is common and there is no basis to conclude that it would adversely impact the conduct of the examination. Rule 35 clearly permits this court to specify that a condition of the requested physical examination include that it be videotaped.

Plaintiff also requests that his attorney be present to preserve and insure the integrity of the examination. Plaintiff's attorney represents that he would only be present as an observer and will not interject himself into the examination process. The Plaintiff has a legitimate interest in protecting himself from an unsupervised interrogation, in essence, a de facto deposition, by an agent of the Defendant. *See* *Zabkowicz vs. The West End Company*, 585 F. Supp. 635 (E.D. Wis. 1984).

With respect to same, the Plaintiff has been unable to find any case out of this court or the First Circuit Court of Appeals regarding the presence of an attorney at physical examination. However, Plaintiff urges the court to consider rulings which have allowed presence of counsel at a Rule 35 examination upon showing of good cause. *See* *Metropolitan Property & Casualty V. Overstreet*, 103 S. W. 3d 31, 38 (Ky. 2003); *State Ex. Rel. Hess vs. Henry*, 183 W Va. 28, 393 S.E. 2d 666, 669 (W. Va. 1990); *Whanger v. American Family Mut. Ins. Co.*, 58 Wis. 2d 461, 207 N.W. 2d 74, 79 (Wis. 1973); *Simon v. Castille*, 174 So. 2d 660 (La. 1965).

Along these lines, in the case of *Kutner v. Urban*, 17 Mass. L. Rptr. 49, 2003 W.L. 22792239 (Mass. Super. 2003), the Massachusetts Superior Court adopted the standard for allowing the presence of counsel at Rule 35 Examination

for good cause. In its decision, the Court analyzed the issues concerning the presence of counsel at Rule 35 Examinations. Particularly, it acknowledged that the need for the doctor to have one-on-one communication with the examinee must be balanced against the possibility that the examination may become a "de facto deposition." Wright & Miller, *Federal Practice and Procedure §2236, p. 496 (2d Ed. 1994)* ["A layperson should not be expected to evaluate the propriety of every medical question at his or her peril" 8A Wright & Miller, *Federal Practice and Procedure §2236, supra at 500.*

Secondly, the *Kutner* court recognized that although Rule 35 Examination should not be adversarial, in nature, one must appreciate that the exam is conducted by a doctor, selected and compensated by the opposing party, and not the examinee, for the purpose of gathering evidence to support the examining doctor's opinions to be offered at trial, which undoubtedly will be contrary to those offered by the examinee's medical expert.

Thirdly, because a Rule 35 Examination is court-ordered to be conducted by a physician not chosen by the examinee, the presence of the examinee's attorney should mitigate any improper adversarial questioning or inquiry by the doctor at examination.

Lastly, allowing examinee's attorney to be present at the examination allows him or her a more full basis upon which to cross-examine the physician conducting the examination, rather than leaving examinee's attorney to rely solely

upon the doctor's report, and what his or her client may recall about the examination.

Your Plaintiff submits that this court should take the same position as the *Kutner* court in the case at bar, in the event that the court grants the Defendants' Motion for Physical Examination, thereby allowing Plaintiff's counsel to be present for the examination and be allowed to videotape same.

**CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that this Court deny the Defendants' Motion for Physical Examination, in the event that the court grants the motion having found good cause shown by the Defendants to order the physical examination of the Plaintiff, Plaintiff seeks an Order of the Court allowing Plaintiff's counsel to be present for the examination and to be able to videotape same for the reasons set forth herein.

Plaintiff,
By and through his attorney,

___/s/ Thomas A. Tarro, III__________
Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – *fax*

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Objection to Motion for Physical Examination*** on the 27th day of December, 2007, to:

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Lauren Motola-Davis, Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

__/s/ Thomas A. Tarro, III________