UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, and O'CONNOR SAFETY CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**THIRD AMENDED NOTICE of 30(b)(6) VIDEO DEPOSITION**

**DEPONENT:** **O'Connor Constructors, Inc., pursuant to Rules 30(b)(5), Rule 30(b)(6) and 34 of the Federal Court Rules of Civil Procedure**

**TIME & DATE OF TAKING: January 9, 2008 at 10:00 A.M.**

.

**TO:**

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John Walsh Esq.
Higgins Cavanaugh & Cooney
123 Dyer Street
Providence RI 02903

Lauren Motola-Davis Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Capitol Court Reporting
225 Reservoir Avenue
Providence, RI 02907

William White, Videographer
115 Phenix Avenue
Cranston, RI 02920

Please take notice that pursuant to Rule 30(b)(5), Rule 30(b)(6) and Rule 34 of the Superior Court Rules of Civil Procedure, the Plaintiff will take the testimony on oral examination of the **O'Connor Constructors, Inc.** on **Wednesday, January 9, 2008 at 10:00 a.m.** at **The Law firm of Thomas A. Tarro, III, 300 Centerville Road, Summit East, Suite 330, Warwick, Rhode Island** before a Notary Public of the State of Rhode Island and thereafter from day to day as the taking of the deposition may be adjourned, at which time and place you are notified to appear and take part in the examination as you may be advised and as shall be fit and proper.

The deponent is requested to bring with him/her any and all original documents which are set forth herein on the date of the scheduled deposition and produce a copy of same to undersigned counsel on or before the close of business on **Friday**, **January 4, 2008.** The wooden stairs referred to in this notice are the temporary wooden stairs located on Unit 1, Level 5 of the Brayton Point Power Plant, as referred to in Plaintiff's Complaint.

The documents requested are as follows:

a. Any and all documents including but not limited to correspondences, letters, e-mails, memos as well as electronically generated documents pertaining to the policy and procedure to be followed by O'Conner Constructors Inc. in billing O'Conner Corporation for time and material for work performed at the Brayton Point Power Plant which were in effect on September 23, 2005.

b. Any and all documents including but not limited to correspondences, letters, e-mails, memos as well as electronically generated documents pertaining to the policy and procedure to be followed by O'Conner Constructors Inc. in billing O'Conner Corporation for time and material for work performed at any construction site at any time..

c. Any and all documents pertaining to the construction of the temporary wooden stairs that are the subject of the complaint including but not limited to design specifications, work orders, T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents.

d. Any and all documents pertaining to the construction of the temporary wooden stairs that are the subject of the complaint including but not limited to design specifications, work orders, daily time /work sheets, T& M invoices/ statements; inter-company memos, e-mails,

electronically generated memos and other electronically generated documents

e. Any and all documents pertaining to the installation of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets ,T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents.

f. Any and all documents pertaining to the maintenance of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets, T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents

g. Any and all documents pertaining to the repair of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets, T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents

h. Any and all documents pertaining to the removal of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets, T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents

i. Any and all documents pertaining to the disposal of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets, T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents.

j. Any and all documents pertaining to the destruction of the temporary wooden stairs that are the subject of the complaint including but not limited to work orders, daily time /work sheets ;T& M invoices/ statements; inter-company memos, e-mails, electronically generated memos and other electronically generated documents.

k. Any and all electronically created statements, memorandums, notes and journals pertaining to John MacArthur and/or the incident of September 23, 2005, when he tripped on wooden stairs located on Unit 1, Level 5.

l. Any and all photographs taken, at any time, of the wooden stairs located on Unit 1, Level 5.

m. Any and all documents pertaining to comment and/ or complaints made to O'Conner Constructors, Inc. in regard to the construction, installation, maintenance, repair or removal of the stairs that are the subject matter of Plaintiff's complaint.

On or before the **January 4, 2008**, O'Connor Constructors, Inc. is requested to designate, in writing, to the Plaintiff, one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, with the most knowledge

concerning the following designated matters, and whom the Defendant will fully prepare to testify regarding the following designated matters, and has such information that is known or reasonably available to O'Connor Constructors, Inc.. The Deponent is further requested to set forth in the written designation for each person so designated, the matter or matters on which that person will testify.

The subject matters on which the examination is to be conducted are as follows:

1. The existence of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

2. The electronic creation, duplication, and/or storage of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

3. Any and all document retention/destruction policies that would relate to any of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

4. The location of the documents herein requested pursuant to Federal Court of Civil Procedure Rule 34;

5. The organization, indexing and/or filing of the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

6. The method of search for the documents requested herein pursuant to Federal Court of Civil Procedure Rule 34;

7. The completeness of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

8. The authenticity of the documents produced pursuant to Federal Court of Civil Procedure Rule 34;

9. The policy and procedures of O'Conner Constructors, Inc. with respect to the use of a work orders for the performance of construction work at the Brayton Point Power Plant.

10. The policy and procedures of O'Conner Constructors, Inc. with respect to the use of a daily work sheets for the performance of construction work at the Brayton Point Power.

11. The policy and procedures of O'Conner Constructors, Inc. with respect to the use of invoices and statements to bill O'Conner Corporation for time and material for work at the Brayton Point Power Plant.

12. The construction of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who constructed the stairs;

b. the manner and method in which the stairs were constructed;

c. the material used to construct the stairs.

d. the date on which the stairs were constructed.

e. the work order pertaining to the work performed.

f. the daily time sheet pertaining to the work performed.

g.. the invoice/ statement generated for the work performed;

13. The installation of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who installed the stairs;

b. the manner and method in which the stairs were installed;

c. the materials used to secure the temporary wooden stairs to the steel grading.

d. the date on which the stairs were installed.

e. the work order pertaining to the work performed.

f. the daily time sheet pertaining to the work performed.

g.. the invoice/ statement generated for the work performed;

14. The maintenance of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the manner and method in which the stairs were maintained;

b. the identity of individuals who performed any maintenance on the stairs;

c. the type and nature of the maintenance performed;

d. the dates on which maintenance work was performed on the stairs.

e. the work order pertaining to the work performed.

f. the daily time sheet pertaining to the work performed.

g.. the invoice/ statement generated for the work performed;

15. The repair of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who repaired the stairs;

b. the manner and method in which the stairs were repaired;

c. the repairs made to the stairs;

d. the materials used to repair the stairs;

e. the dates on which repairs were made.

f. the work order pertaining to the work performed.

g. the daily time sheet pertaining to the work performed.

h.. the invoice/ statement generated for the work performed;

16. The removal of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who removed the stairs;

b. the use of the stairs after removal;

c. the date on which the stairs were removed;

d. the work order pertaining to the work performed.

e. the daily time sheet pertaining to the work performed.

f.. the invoice/ statement generated for the work performed;

17. The destruction of the wooden stairs located on Unit 1, Level 5, more specifically:

a. the identity of individuals who destroyed the stairs;

b. the manner and method in which the stairs were destroyed;

c. the reason why the stairs were destroyed;

d. the date on which the stairs were destroyed.

e. the work order pertaining to the work performed.

f. the daily time sheet pertaining to the work performed.

g.. the invoice/ statement generated for the work performed;

18. The invoice/statement for labor and materials for the construction of the stairs.

19. The invoice/statement for labor and materials for the installation of the stairs.

20. The invoice/statement for labor and materials for the maintenance of the stairs.

21. The invoice/statement for labor and materials for the repair of the stairs.

22. The invoice/statement for labor and materials for the removal of the stairs.

23. The invoice/statement for labor and materials for the destruction of the stairs.

24. Notification of the incident involving John MacArthur as alleged in the complaint.

25. The incident involving John MacArthur as alleged in the complaint.

26. Complaints made to the Defendant O' Conner Constructors, Inc. concerning the construction, installation, maintenance or repair of the stairs that are the subject matter of Plaintiff's complaint.

Plaintiff,
By and through his attorney,

_____/s/ Thomas A. Tarro, III______
Thomas A. Tarro, III, Esq., #2046
**THE LAW FIRM OF THOMAS A. TARRO, III**
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 facsimile

**CERTIFICATION**

I, the undersigned, hereby certify that I have faxed and emailed a copy of the foregoing ***Third Amended Notice of 30(b)(6) Deposition – O'Connor Constructors,Inc.*** on the 2ND day of January, 2007, to:

James H. Reilly
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John Walsh Esq.
Higgins Cavanaugh & Cooney
123 Dyer Street
Providence RI 02903

Lauren Motola-Davis
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Capitol Court Reporting
225 Reservoir Avenue
Providence, RI 02907

William White, Videographer
115 Phenix Avenue
Cranston, RI 02920

/s/ Thomas A. Tarro, III________