UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| | : | |
| O'CONNOR CORPORATION and O'CONNOR CONSTRUCTORS, INC. and O'CONNOR SAFETY CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS NOTICE OF APPEAL**

NOW COMES your Plaintiff, John MacArthur, and submits the following Memorandum in Support of his Appeal, pursuant to L.R. Civ. 72(c) of the ruling of Magistrate Almond granting the Defendants' Motion for Rule 35 Physical Examination of the Plaintiff, John MacArthur, by Dr. John Froehlich. The grounds for the appeal are: (1) the Defendants failed to establish good cause for th examination; (2) that the court's Order granting the Motion for Physical Examination pursuant to Rule 35, but requiring the Defendant to provide notice to the Plaintiff specifying the time, place, manner, condition and scope of the examination prior thereto, fails to comply with the requirements of the Rule; in

that the Plaintiff has no recourse to object to the manner, condition and/or scope of the examination to the extent that the disclosure of this information has been ordered by the court to take place after the court's hearing on the Defendants' Motion for Physical Examination; and (3) the court erred in denying Plaintiff's request that Plaintiff's counsel be present at the physical examination and be allowed to videotape the examination , and particularly, the questing of the Plaintiff, to insure that it is conducted in an appropriate, non-intrusive, non-biased manner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a incident which occurred on September 23, 2005, when the Plaintiff injured himself when he tripped down temporary stairs located at the Brayton Point Power Plant, Elevation 5 of Unit 1. At the time, the Plaintiff was working as an iron worker on the site. The Plaintiff was exiting Elevation 5 of Unit 1, via the temporary stairs, when he caught his right foot on a broken and raised wooden 2x4, placed between the temporary stair and the landing. The Plaintiff fell forward down the stairs and caught himself before landing on the metal grate below. The Plaintiff heard a pop in his hip as he fell. Immediately thereafter, he experienced pain in his left knee, right hip and low back.

Plaintiff received medical treatment for his injuries from Albert J. Puerini, Jr., M.D., his general physician and PrimaCare, PC and Prehab Sports Medicine Services, for physical therapy. Dr. Peter Pizzarello has been identified as Plaintiff's medical expert, who has made determinations as to the extent of the

Plaintiff's injuries and the causal relationship between said injuries and the incident which occurred on September 23, 2005. Additionally, Plaintiffs have identified Al Sabella, a vocational rehabilitation expert, who has offered opinions based on his review of the Plaintiff's medical records and the opinions of Dr. Pizzarello as to what types of work the Plaintiff can engage in based on the nature and extent of his injuries, his educational background, his work experience and his present physical ability. Specifically, Mr. Sabella has opined that the Plaintiff is unable to resume the duties and responsibilities associated with an iron worker.

The Defendants filed a Joint Motion for Rule 35 Physical Examination to be conducted by Dr. John Froehlich; which is now scheduled to take place on February 14, 2008 at 8:00 a.m. On December 27, 2007, the Plaintiff filed an Objection to the Rule 35 Motion for Physical Examination, on the grounds that there was no good cause for the examination, and the time, place, condition and scope of the examination had not been properly disclosed in compliance with Rule 35 of the Federal Rules of Civil Procedure. With respect to same, Dr. Froehlich has not been identified as an expert witness in response to the expert interrogatory by the Defendants as of the time of filing the instant appeal.

A hearing was conducted before Magistrate Almond on January 17, 2008. At that time, the court granted the Defendants' Motion for Physical Examination pursuant to Rule 35, on the condition that prior to the examination, the Defendants "shall provide notice to the Plaintiff by letter to his counsel, which specifies the time, place, manner, conditions and scope of the examination to be conducted by

Dr. Froehlich per Fed. R. Civ. P. 35(a)." (See Docket Text Order attached and marked Exhibit "2").

The Plaintiff had argued at the hearing that in the event that the court saw fit to grant the Defendants' Motion for Rule 35 Physical Examination, that Plaintiff's counsel should be allowed to be present for the questioning of the Plaintiff by Dr. Froehlich and also be allowed to videotape same to preserve and insure the integrity of the examination. The court denied the Plaintiff's requests.

Plaintiff now files the instant appeal of the Magistrate's ruling pursuant to L.R. Civ. 72(c).

## II. ARGUMENT

### Standard of Review

Review of an appeal of a Magistrate's Order on a non-dispositive matter is determined under the clear error or contrary to law standard. 28 U.S.C. §636(b)(1)(a); *U.S. v. Raddatz*, 447 U.S. 667, 673, 100 S. Ct. 2406, 65 L. Ed. 2d, 424 (1980); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F 2d 603, 604 (1st Cir. 1980). A determination is clearly erroneous when after reviewing all the evidence, the court is left with a definite and firm conviction that the Magistrate Judge made a mistake. *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

A. **THE MAGISTRATE'S ORDER, DATED JANUARY 17, 2008, SHOULD BE REVERSED AND/OR MODIFIED WHERE THE ORDER FAILS TO COMPLY WITH THE REQUIREMENTS OF RULE 35**.

(1) The Defendants failed to establish "good cause" for the Rule 35 Physical Examination of the Plaintiff, John MacArthur.

Plaintiff, John MacArthur, does not contest that the physical injuries to his left knee, right hip and low back are matters in controversy in this action. However, Plaintiff submits that Defendants failed to specify "good cause" for the requested physical examination at the hearing before the Magistrate Judge. Accordingly, the Magistrate Judge's Order should be reversed.

At the hearing, the court heard arguments from counsel representing all of the parties and considered memoranda submitted by the parties, as well as a letter from defense counsel, Attorney Parker, to Plaintiff's counsel, Attorney Tarro, outlining the date, time and place of the examination and identifying Dr. Froehlich as the examiner. Defense counsel failed to submit to the court documentation (in the form of affidavit or otherwise) from Dr. Froehlich, indicating a need to conduct a physical examination of the Plaintiff to render his opinions as to the Plaintiff's present conditions, and further, that a review of the Plaintiff's medical records and the report and deposition of Plaintiff's expert, Dr. Pizzarello, was insufficient for Dr. Froehlich to offer opinions as to the Plaintiff's present condition.

In *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964), the United States Supreme Court recognized that the "good cause" requirement of Rule 35 imposes a higher standard then the ordinary requirement of relevance on the movant and is in addition to the "in controversy" requirement. The *Schlagenhauf* court further

noted that in determining whether "good cause" exists for ordering an examination, the "ability of the movant to obtain the desired information by other means is also relevant." (Id. at 118-119).

At the hearing before Magistrate Almond, Plaintiff's counsel argued that the Defendants had failed to establish good cause to warrant the court ordering a physical examination of the Plaintiff. Particularly, Plaintiff's counsel argued that the Defendants have in their possession all of the Plaintiff's medical records, as well as the report of Plaintiff's expert, Dr. Peter Pizzarello. Moreover and more importantly, the Defendants have had an opportunity to depose Plaintiff's expert, Dr. Pizzarello, at which time they inquired of him as to the Plaintiff's current medical status, the extent and nature of the Plaintiff's injuries and his prognosis. (Transcript, dated January 17, 2008, p. 9-10). Plaintiff's counsel further noted that no affidavit or other documentation from Dr. Froehlich had been submitted to the court for review, wherein the doctor indicated the need to examine the Plaintiff to determine his present current status; despite the fact that all medical records of the Plaintiff have been produced, along with the Plaintiff's expert's medical report and his deposition transcript is available for Dr. Froehlich's review.

Along these lines, Plaintiff's counsel also argued that it is unclear as to whether Dr. Froehlich will be offering any testimony as to causation. Along these lines, when asked by the court, "Is Dr. Froehlich going to attempt to offer an opinion on the issue of causation?," Defendant's counsel, Attorney Parker, stated, "No." (Id. at p. 13). However, Attorney Parker stated later in the hearing that Dr.

Froehlich was going to "opine on causation based on, I think, on the Plaintiff's prior medical condition, preexisting history, etc." (Id.)

Your Plaintiff submits that based on the statements made at the hearing, it is unclear as to whether Dr. Froehlich will be providing any opinion as to causation. This fact makes Plaintiff's counsel's request that he be present for the interview of the Plaintiff at the physical examination even more persuasive, in order to preclude a situation where the physical examination becomes a "de facto" deposition of the Plaintiff as to what happened on the date of the incident, as well as extensive inquiry of the Plaintiff as to any preexisting medical condition.

Based on the foregoing, your Plaintiff submits that the trial court erred in finding good cause established by the Defendants in granting Defendants' Motion for Rule 35 Physical Examination of the Plaintiff. Your Plaintiff submits that the Magistrate's Order should be reversed.

(2) The portion of the Magistrate's Order granting the Motion for Rule 35 Physical Examination of the Plaintiff on the condition that the Defendant provide notice to the Plaintiff, via letter to his attorney specifying the time, place, manner, condition and scope of the examination prior to the examination fails to comply with the requirements of Rule 35, where the Plaintiff has no recourse to object to the manner, condition and scope of the examination, because discovery of said information will have occurred after the court's hearing on the Defendants' Motion for Physical Examination.

Your Plaintiff submits that Magistrate Almond erred in finding the Defendants had established good cause to warrant ordering a physical examination where the notice requirements of Rule 35, and particularly, the requirement that the scope, manner and condition of the examination be adequately set forth in support of the Defendants' Motion for Physical Examination were not satisfied.

In the instant matter, it is undisputed that at the time of the hearing, the Defendants provided no information in compliance with the notice requirement, setting forth the scope, manner or condition of the physical examination to be conducted on the Plaintiff by Dr. Froehlich. Indeed, upon inquiry by the court, as to the length of time involved with Dr. Froehlich's examination of the Plaintiff, defense counsel responded:

> "Ms. Parker: No. Quite frankly, Your Honor, it's quite difficult to schedule and coordinate these things with any doctor, and, you know, I can find out certainly before the exam takes place how long he needs, and I can set forth that for Mr. Tarro, along with if he wants to know the scope and, you know, things like that, the manner and condition of the exam." (Transcript of hearing dated Janaury 17, 2008, p. 13)

Moreover, in its ruling from the bench, the trial court acknowledged: "What Plaintiffs [sic] haven't done is have not specified as required by the Rule the time, place, manner, conditions and scope of the examination." (Id. p. 17)

Based on the foregoing, the Magistrate Judge granted the Defendants' Motion allowing the Rule 35 Physical Examination of the Plaintiff by Dr.

Froehlich, on the condition that the Defendants provide a more detailed letter that complies with Rule 35 to Plaintiff in advance of the examination.

Your Plaintiff submits that the court's ruling in this regard constitutes clear error and is contrary to the requirements of Rule 35.

Rule 35 of the Federal Rules of Civil Provides, in pertinent part:

> (a) **Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitable licensed or certified examiner to produce for examination the person in the party's custody or legal control. ***The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties <u>and</u> shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.*** (Emphasis added).

Your Plaintiff submits that the clear and plain meaning of the Rule requires disclosure of certain information, and particularly, the "manner, condition and scope" of the examination be provided to the court for consideration on the Defendants' Motion for Physical Examination and that an Order granting a Motion for Rule 35 Physical Examination "shall specify the time, place, manner, conditions and scope of the examination."

Your Plaintiff submits that in the absence of compliance of the notice requirements set forth in Rule 35, the Magistrate Judge could not properly exercise his discretion thereunder in ruling on the Defendants' Motion for Physical Examination. [See *<u>Eckman v. University of Rhode Island</u>*, 160 F.R.D. 431, 433

(D.R.I. 1995) where this court noted "…[physicians] conducting examinations of parties under Rule 35 might go on 'fishing expeditions' in which they could roam far and wide in the privacy of their offices to the advantage of the unrepresented patients. For this reason, Rule 35 requires the court, in ordering a physical or mental examination, to 'specify the time, place, manner, conditions and scope of the examination."]

In the case at bar, it is undisputed that there was no compliance by defense counsel as to the notice requirements of Rule 35, and particularly, a specification of the manner, condition and scope of the examination to take place on the Plaintiff by Dr. Froehlich. Defendants failed to submit any documentation to the court (in the form of affidavit or otherwise) from Dr. Froehlich indicating the scope, manner and conditions of the examination to be conducted, including, whether or not the Plaintiff would be required to undergo any diagnostic, neurological or radiological testing; which could be intrusive and invasive to the Plaintiff's person. Indeed, defense counsel acknowledged at the hearing on the motion that she had no information about the proposed examination, aside from her representation to the court that Dr. Froehlich would be conducting a "simple orthopedic exam to examine his knee and hip." (Id at p. 7). Moreover, the Magistrate Judge did not inquire of any of defense counsel as to the specific manner, condition or scope of the examination at any time during the hearing.

Your Plaintiff submits that the court's Order conditioning the granting of the Motion on disclosure of the manner, condition and scope of the examination,

after the hearing but before the exam, constitutes error and is clearly in derogation of the requirements of Rule 35 of the Federal Rules of Civil Procedure, particularly where it leaves the Plaintiff with no recourse to object to the manner, condition and scope of the examination, in that the discovery of this information will occur after the court's hearing on the Defendants' Motion for Physical Examination. Based thereon, the court's Order granting the Defendants' Motion for Rule 35 Physical Examination should be reversed.

a. <u>In the event this court denies the Plaintiff's appeal concerning the Magistrate's Order dated, January 17, 2008, and allows the Rule 35 Examination of the Plaintiff, the court should modify the Order to allow Plaintiff's counsel to be present and videotape the examination, and particularly, the questing of the Plaintiff.</u>

In the event this court denies the instant appeal and allows the Rule 35 physical examination of the Plaintiff, John MacArthur, the court should modify the Order, in view of the circumstances, and allow his attorney to be present and videotape same, particularly the interview and questioning of Plaintiff.

With respect to this issue, Plaintiff's counsel has been unable to find any case law out of this court or the First Circuit Court of Appeals regarding the presence of an attorney at a physical examination. However, the body of law has been divided into three categories of rulings on this subject.

The first category of rulings have banned the presence of counsel entirely. [<u>*Kutner v. Urban*</u>, 2003 WL 22792239, *1(Mass. Sup. 2003). "This category is almost exclusively seen in federal court, although it is by no means an unanimous view throughout the federal courts."]

The second category of rulings have allowed the presence of counsel on an automatic or relatively unhindered basis. These rulings emanate from states where there is a statute or rule of civil procedure allowing third-party presence during the Rule 35 Examination. [See Ariz. R. Civ. P. 35(a) (providing for the presence of a "representative" of the examinee during physical examination); Cal. Cod. Civ. Pro. §2032(b)(1) (providing for attorney presence, but not participation, during physical examinations); Ill. Stat. ch. 735 §5/2-1003(d) (providing for presence of examinee's attorney or other such person during physical exam); Mich. Ct. R. 2.311 (establishing the presence of attorney may be permitted through the order permitting the examination); Okla. Stat. tit. 12 §3235(d) (providing for the presence of examinee's "representative" during the examination); Pa. R. Civ. P. 4010 (4)(i) (providing for presence of examinee's attorney or other representative during examination)].

The final category of rulings allows presence of counsel at a Rule 35 Examination upon a showing of good cause. See *Metropolitan Property & Cas. v. Overstreet*, 103 S.W. 3d 31, 38 (Ky. 2003); *State Ex. Rel. Hess v. Henry*, 183 W. Va. 28, 393 S.E. 2d 666, 669 (W. Va. 1990); *Whanger v. American Family Mut. Ins. Co.*, 58 Wis. 2d 461, 207 N.W. 2d 74, 79 (Wis. 1973); *Simon v. Castielle*, 174 So. 2d, 660 (La. 1965).

In the case of *Kutner v. Urban*, 17 Mass. L. Rptr. 49, 2003 W.L. 22792239 (Mass.Super. 2003), the Massachusetts Superior Court adopted the standard for allowing the presence of counsel at a Rule 35 Examination for good cause. In its

decision, the court analyzed the rationales given as to why certain federal jurisdictions have banned the presence of counsel at Rule 35 Examinations. Particularly, it acknowledged the need for the doctor to have one-on-one communication with the examinee must be balanced against the possibility that the examination become a "de facto deposition." Wright & Miller, *Federal Practice& Procedure*, §2236, P. 496 (2d Ed. 1994) "[A] layperson should not be expected to evaluate the propriety of every medical question at his or her peril." 8 A Wright & Miller, *Federal Practice & Procedure*, §2236, supra. at 500.

Secondly, the *Kutner* court recognized that although the Rule 35 Examination should not be adversarial, in nature, one must appreciate that the exam is conducted by a doctor, selected and compensated by the opposing party, and not the examinee, for the purpose of gathering evidence to support the examining doctor's opinions to be offered at trial; which undoubtedly will be contrary to those offered by the examinee's medical expert.

Thirdly, because a Rule 35 Examination is court-ordered to be conducted by a physician not chosen by the examinee, the presence of the examinee's attorney should mitigate any improper adversarial questioning or inquiry by the doctor at examination.

Lastly, allowing the examinee's attorney to be present at the examination allows him or her a more full basis upon which to cross-examine the physician conducting the examination, rather than leaving the examinee's attorney to rely

solely upon the doctor's report and what his or her client may recall about the examination.

In the case at bar, your Plaintiff submits that this court should modify the Magistrate's Order allowing Plaintiff's counsel to be present and videotape the examination of the Plaintiff by Dr. Froehlich and, particularly, the interview and questioning of the Plaintiff by the doctor, in view of the circumstances of this case. Your Plaintiff submits that good cause has been established to permit Plaintiff's counsel to be present and videotape same, particularly where Plaintiff has no recourse based on the Magistrate Judge's Order granting the Defendants' Motion for Physical Examination on the condition that the manner, condition and scope of the examination will be provided to Plaintiff after the hearing has taken place but before the examination. Moreover, as stated in Section II (1), the fact that there is some question as to whether Dr. Froehlich will be offering opinions as to causation based on the representations made by defense counsel at the hearing before the Magistrate Judge further supports the Plaintiff's position that his attorney should be present and allowed to videotape the examination, and particularly, the interview and questioning of the Plaintiff by Dr. Froehlich, who will undoubtedly be inquiring as to what happened on the date of the incident, as well as delving into the Plaintiff's preexisting medical conditions, if any.

Simply, the intent of Rule 35 clearly is not to allow defense counsel an additional avenue of discovery, by and through inquiry by the its medical expert, of the Plaintiff as to the facts and circumstances surrounding the incident and other

areas of inquiry, which are not necessary to the determination of the Plaintiff's current medical condition; which is the stated purpose for the Rule 35 Examination as set forth by the Defendants in their Joint Motion for Rule 35 Examination and as represented by Defendants' counsel at the hearing before the Magistrate Judge.

Accordingly, in the event that this court denies the Plaintiff's appeal of the Magistrate's ruling granting the Defendants' Joint Motion for Physical Examination of the Plaintiff by Dr. Froehlich, Plaintiff requests that this court modify the Order to allow Plaintiff's counsel to be present and videotape the examination, and particularly, the interview and questioning of the Plaintiff by Dr. Froehlich.

## CONCLUSION

For all of the foregoing reasons, your Plaintiff requests that its appeal be granted and/or that the Order of the Magistrate Judge, dated January 17, 2008 be modified as set forth herein.

Plaintiff,

By and through his attorney,

___/s/ Thomas A. Tarro, III__________

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – *fax*

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Objection to Motion for Physical Examination*** on the 31st day of January, 2008, to:

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Lauren Motola-Davis, Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

__/s/ Thomas A. Tarro, III________