UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| VS. | : | |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | C.A. NO.: 06-478S |
| CORPORATION | : | |
| | : | |
| VS. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**DEFENDANTS' JOINT MOTION IN OPPOSITION TO PLAINTIFF'S NOTICE OF APPEAL**

Defendants hereby oppose Plaintiff's Notice of Appeal with respect to the ruling of Magistrate Almond, dated January 17, 2008. Magistrate Almond granted Defendant's Joint Motion for Rule 35 Physical Examination of the Plaintiff, John MacArthur, by Dr. John Froehlich. The ruling of Magistrate Almond was clear of error and was not contrary to the standard of law, therefore, the Defendants request that this ruling be affirmed. Defendants submit the attached memorandum of law in support of its opposition to Plaintiff's Notice of Appeal.

Defendant, O'Connor Safety Corporation,
By its attorneys,
/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500 401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 14th day of February, 2008, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR<br><br>VS.<br><br>O'CONNOR CORPORATION<br>O'CONNOR CONSTRUCTORS, INC.<br>and O'CONNOR SAFETY<br>CORPORATION<br><br>VS.<br><br>THE BERLIN STEEL<br>CONSTRUCTION COMPANY and<br>HARTFORD FIRE INSURANCE<br>COMPANY | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO.: 06-478S |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS JOINT MOTION IN OPPOSITION TO PLAINTIFF'S NOTICE OF APPEAL**

## INTRODUCTION

Defendants submit this memorandum of law in opposition to Plaintiff's Notice of Appeal. On January 17, 2008 Magistrate Almond granted Defendants' Joint Motion for Rule 35 Physical Examination of the Plaintiff, John MacArthur, by Dr. John Froehlich. Defendants assert that the ruling presents no clear error and conforms to the standard of law. As such, plaintiff's notice of appeal should be denied and the Magistrate's ruling should be affirmed.

## FACTUAL BACKGROUND

Plaintiff alleges that he was injured on September 23, 2005 while working as an iron worker on a construction project at the Brayton Point Power Plant, in Somerset,

Massachusetts. Plaintiff was employed by Berlin steel, a subcontractor. Defendant Hartford Fire Insurance Company is the insurer for Berlin Steel. Defendant O'Connor Corporation was a general contractor at the power plant. O'Connor Corporation had sub-contracts with its subsidiaries, O'Connor Safety Corporation and O'Connor Constructors, Inc. for work conducted at the power plant. Plaintiff alleges that he tripped and fell on a defective, temporary wooden stairway on the job site.

As a result of this accident the plaintiff alleged injuries to his left knee, right hip and low back. Plaintiff received medical treatment for his injuries from Prima Care, PC, Prehab Sports Medicine Services, Albert J. Puerini, Jr. M.D., Kent Hospital and Peter J. Pizzarello, M.D. His medical bills total $6,636.00. The plaintiff has not returned to work since this accident and he is also making a claim for lost earnings/lost earning capacity/lost benefits in the amount of $357,544.40. Plaintiff is also claiming pain and suffering from the date of the accident to the present and future in the amount of $200,000.

Plaintiff has identified Dr. Peter Pizzarello as his medical expert, who has offered Plaintiff's injuries and causal relationship between said injuries and the alleged accident. Al Sabella, a vocational rehabilitation expert, has also offered opinions based on his review of Plaintiff's medical records and the opinions of Dr. Pizzarello.

Defendants filed a Joint Motion for Rule 35 Physical Examination to be conducted by Dr. John Froehlich. Plaintiff filed an Objection, to Defendants' Joint Motion. On January 17, 2008, a hearing was conducted before Magistrate Almond. (See Hearing Transcript, attached hereto at Exhibit A). The Court granted Defendants' Rule 35 Motion for Physical Examination, provided that the Defendants "provide notice to the

Plaintiff by letter to his counsel, which specifies the time, place, manner, conditions and scope of the examination to be conducted by Dr. Froehlich per Fed. R. Civ. P. 35(a)." (See Docket Text Order, attached hereto at Exhibit B). Defendants thereafter noticed Plaintiff's physical examination to take place on February 14, 2008 at 8:00am.

## STANDARD OF REVIEW

On appeal, "a magistrate judge's decision on a nondispositive motion should be reviewed to determine if it is clearly erroneous or contrary to law under FRCP 72(a)." Conetta v. National Hair Care Ctrs., Inc., 182 F.R.D. 403, 405 (D. R.I. 1998); 28 U.S.C. §636 (b)(1)(A). "The threshold of the 'clearly erroneous' test is high." Anthony v. Abbott Laboratories, 106 F.R.D. 461 (D. R.I. 1985); *E.g.,* United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); B's Co. v. B.P. Barber & Associates, Inc., 391 F.2d 130, 132-33 (4th Cir. 1968) (even if the reviewing court disagrees with the conclusions reached below, the order should not be set aside unless the court has a firm and definite conviction that a mistake has been made).

## ARGUMENT

### I. Magistrate Almond's Order Dated January 17, 2008 Should Be Affirmed As There Is No Clear Error And The Ruling Conformed To The Standard Of Law.

Rule 35(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> When the mental or physical condition… of a party… is in controversy, the court in which the action is pending may order the party to submit to a physical or

> mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

F. R. Civ. P. 35(a).

The Rule requires "that the mental condition of plaintiff be 'in controversy' and that the party seeking the mental examination show 'good cause' therefore." Obviously, under the Rule the same is true for the physical condition in issue. Eckman v. University of Rhode Island, et al, 160 F.R.D. 431 (D. R.I. 1994); Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The Court in Schlagenhauf, stated that the movant must affirmatively show "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf, 160 F.R.D. at 118.

Here, the Defendants have retained Dr. John Froehlich to perform a Rule 35 physical examination of the Plaintiff. During the hearing on Defendants' Motion for a Rule 35 Examination, Attorney Parker stated that this exam was for "good cause" as the:

> plaintiff is claiming lost earning and lost earning capacity in the amount of $357,544.40. He's alleging that he has been out of work since November of 2004 as a result of this accident and has not been able to return to work in any capacity. He's also claiming from the date of the accident to the present time, and in the future, pain and suffering in the amount of $200,000.

(Exhibit A, 5:8-16).

The Plaintiff has identified Dr. Pizzarello as his expert as well as Al Sabella, a vocational expert. As such, Defendants request that their own medical expert perform an examination of the plaintiff. The scope of the examination was outlined at the hearing:

> The extent of the exam would just be a normal orthopedic exam to determine the physical basis for his total and permanent disability. He is also going to opine on causation based on, I think, on plaintiff's prior medical condition, preexisting history, et cetera.

(Exhibit A, 16:2-7).

Presented with this, the Court granted Defendants' Motion for a Rule 35 Examination providing that the Defendants give notice to the Plaintiff regarding the time, place, manner and scope of the examination. (Exhibit B).[1] Plaintiff argues that the Defendants failed to provide notice to the Plaintiff particularly with respect to the manner, condition and scope of the examination, therefore it was a mistake to grant the Rule 35 examination. However, the Defendants provided sufficient information to the court to determine whether there was good cause to allow the exam and the nature of the exam. Shortly after the hearing, Defendants issued a letter to Plaintiff detailing the date and time of the exam. Defendants are aware of no rule or case law that requires the examining physician to submit an affidavit indicating the manner and scope of the examination or the explicit details of said examination, as Plaintiff suggests is required in his memorandum.

Magistrate Almond did not make a mistake in granting Defendants' motion. The evidence presented was sufficient in establishing that the Plaintiff's physical condition is "in controversy" and that the Defendants' showed "good cause" to have their own medical expert examine the Plaintiff.

**II. Plaintiff's Request To Be Present At The Exam And That The Exam Be Videotaped Should Be Denied**

Plaintiff's request to be present at the examination of the plaintiff and videotape the examination was also denied. Plaintiff cites to several cases outside this jurisdiction, specifically, Plaintiff relies on <u>Kutner v. Urban</u>, 2003 Mass Super. LEXIS 406 (Nov. 24,

[1] This is similar to the order of this Court in <u>Eckman</u>, where the parties were ordered to coordinate a mutually agreeable date and time for the Rule 35 examination of the plaintiff after the Court granted the Defendant's motion. <u>Eckman,</u> 106 F.R.D. 432 (D. R.I. Jan. 2, 1995).

2003) for the proposition that the Massachusetts Superior Court has adopted the standard for allowing the presence of counsel at a Rule 35 examination for good cause. (attached at Exhibit C). In Kutner, the Court did not find good cause to allow the plaintiff's attorney to attend the Rule 35 examination. Id., at 12. The Court in Kutner acknowledged that the clear majority of federal courts have banned the admittance of third parties in a Rule 35 examination citing to Cabana v. Forcier, 200 F.R.D. 9 (D. Mass, 2001) (attached at Exhibit C). *Eg*., Hertenstein v. Kimberly Home Health Care, Inc., 620 (D. Kan. 1999) (also holding that failure to specify the exact details of the examination is not grounds for denial of Rule 35 Motion); Holland v. United States, 182 F.R.D. 493 (D.S.C. 1998). In Cabana, the Court did not allow the plaintiff's attorney to attend the mental examination of the plaintiff for the following reasons:

> 1) the special nature of the psychiatric examination requires direct and unimpeded one-on-one communication without external interference or intrusion; 2) in contrast to depositions and other forms of discovery, *Rule 35* expert examinations are not intended to be adversarial; 3) fairness dictates that if defense counsel cannot be present when a plaintiff is interviewed by a psychiatrist who will testify at trial on his behalf, then plaintiff's counsel cannot be present when plaintiff is examined by defendant's expert psychiatrist; and 4) any concerns with distortions or inaccuracies by the examining psychiatrist can be addressed through traditional methods of impeachment and cross-examination

Id., at 7-8.

As the majority of federal courts prohibit third party observers from attending Rule 35 Examination for the above concerns, Magistrate Almond's ruling is in conformity with the standard of law.

As a practical matter, examinations of litigants have routinely been accomplished for many years without controversy. Here, however, instead of allowing Defendants to exercise their right under the Rule in a normal manner, Plaintiff's attorney suggests that he should be present together with a videographer when the doctor conducts his

examination. To allow this would have a chilling affect and create a completely unnatural setting for the examination. Plaintiff has consulted with his own physicians over many months in the privacy of their offices. Defendants should be accorded the same right. To allow a circus atmosphere with a videographer and attorney present while the physician is attempting to conduct an examination would send the wrong message on several levels. First, if allowed, this would result in fewer physicians being willing to undertake such an assignment. Secondly, the very fact that a court had ordered that the attorney and a videographer be present, would create an unfair aura of suspicion as to the physician's motives. No videographer or lawyer was present when Plaintiff was examined by his own physicians. None should be present when Defendants exercise their right under the Rule.

As there is no case law within this jurisdiction allowing the presence of a third party observer in a Rule 35 examination there is similar silence with respect to the presence of a videographer. Plaintiff would request that this Court again apply the "good cause" standard with respect to allowing a videographer. There is no case law that suggests that this jurisdiction has adopted this "good cause" standard. For the reasons stated above, the presence of a videographer should not be allowed at the Rule 35 examination of the Plaintiff.

Magistrate Almond committed no clear error in granting Defendants' Rule 35 Motion for a physical examination of the Plaintiff and the ruling conformed to the standard of law. The majority of federal courts agree that the presence of a third-party and/or videographer is not permitted during a Rule 35 examination.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that Plaintiff's Notice of Appeal is denied.

Defendant, O'Connor Safety Corporation,
By its attorneys,

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 14th day of February, 2008, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903
lmdavis@morrisonmahoney.com

/s/ John T. Walsh, Jr., Esq.