UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | |
| CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT O'CONNOR CORPORATION**

NOW COMES your Plaintiff, John MacArthur, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and moves for an Order of this Honorable Court compelling the Defendant, O'Connor Corporation, to provide a more responsive response to the following Request for Production of Documents:

**REQUEST NO. 2**: True and exact copies of any and all photographs, digital images, motion pictures and/or videotape taken of the Plaintiff immediately prior to, during, and after the date of injury which is the subject matter of Plaintiff's Complaint.

**RESPONSE NO. 2**: Objection. See *Cabral v. Arruda*, 566 [sic] A. 2d (R.I. 1989)

**ARGUMENT**: Plaintiff seeks an Order of the court striking the objection and compelling the Defendant to provide a complete response to the document request, as posed. In support of its motion, and in accordance with the holding in *Cabral v. Arruda*, 556 A.2d 47 (RI 1989), the Plaintiff's deposition was conducted on April 19, 2007 and January 10, 2008. Moreover, in response to Interrogatory No. 16, which inquired as to whether the Defendant had conducted any investigation or surveillance on the Plaintiff concerning any of the events and matters set forth in Plaintiff's Complaint, the Defendant responded, "Defendant has retained Investigative Reporting, Inc. to videotape Plaintiff at various times from October 31, 2007 to the present while exercising at Healthtrax Fitness and Wellness Center in Warwick, Rhode Island. As such, the Defendant has indicated the existence of surveillance materials taken of the Plaintiff.

In accordance with the holding of *Cabral v. Arruda*, if it is the Defendant's intention to use said surveillance materials at trial, then said materials (i.e. videotapes) must be produced to the Plaintiff. As the Rhode Island Supreme Court noted in the *Cabral* case, in personal injury trials, the presentation of surveillance materials places at issue whether and to what extent the Plaintiff was injured. These issues go to the very core of the Plaintiff's claim. In such cases, the Plaintiff satisfies the required undue hardship to require disclosure of the discovery materials, despite the nature of the material as work product.

As such, Plaintiff seeks a representation from defense counsel as to whether or not it intends to use the surveillance material which it has identified in response to Interrogatory No. 16, compiled by Investigative Reporting, Inc. If, in fact, the Defendant intends to use

such materials at trial, Plaintiff submits that its Motion to Compel should be granted in accordance with the holding of *Cabral v. Arruda*.

**REQUEST NO. 11**: True and exact copies of any and all documents which identify any agent, servant or employee of the Defendant who is responsible for the maintenance of the location where Plaintiff tripped and fell.

**RESPONSE NO. 11**: See Response to Request #3.

**ARGUMENT**: Plaintiff seeks an Order of the court compelling the Defendant to provide a response to the request, as posed. In this regard, the Defendant has referred to its response to Plaintiff's Request for Production No. 3, which seeks "True and exact copies of any and all photographs, digital images, motion pictures and/or videotape taken of the area where the Plaintiff tripped and fell."

Your Plaintiff submits that the aerial photographs produced in response to Request No. 3 are not responsive to the Document Request No. 11. As such, Plaintiff seeks an Order of the court compelling the Defendant to provide a more responsive response to Request No. 11.

GOOD FAITH CERTIFICATION

Plaintiff's counsel hereby certifies that he has made a good faith effort to obtain the information sought by and through this motion without the need for court intervention.

Plaintiff,
By and Through His Attorney,

__/s/ Thomas A. Tarro, III_____________
Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Motion to Compel*** via electronic filing on the 22nd day of February, 2008, to

James H. Reilly
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Loraine Motola-Davis
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

__/s/ Thomas A. Tarro, III_________