UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | |
| CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED UPON DEFENDANT O'CONNOR SAFETY CORPORATION**

NOW COMES your Plaintiff, John MacArthur, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and moves for an Order of this Honorable Court for an Order compelling the Defendant, O'Connor Safety Corporation, to provide a more responsive answer to the following Interrogatory:

**INTERROGATORY NO. 14**: Has any investigation or surveillance been conducted by and person or persons, including the Defendants, as defined herein, concerning any of the events and matters as set forth in Plaintiff's Complaint, including but not limited to Plaintiff's activities and/or physical condition and/or earnings and/or

employment prior to or subsequent to the incident as alleged in Plaintiff's Complaint. If the answer is "yes," set forth the following:

(a) the name and address of the person or persons conducting same and the date or dates thereof;

(b) the name and address of the person or persons upon whose request the investigation or surveillance was conducted;

(c) the reason or reasons for the investigation or surveillance, setting forth the name and address of the person conducting same and the subject matter of said surveillance or investigation;

(d) the names and addresses of all persons having an original and/or copy of any writing concerning said surveillance and/or investigation;

(e) a description of each and every writing concerning said investigation or surveillance and the name and address of each person who has prepared same and the date thereof;

(f) the dates, times and places of any and all oral conversations concerning said investigation or surveillance along with the names and addresses of all persons present.

**ANSWER NO. 14**: Defendant has retained Investigative Reporting, Inc. to videotape Plaintiff at various times from October 31, 2007 to the present while exercising at Healthtrax Fitness & Wellness Center in Warwick, Rhode Island.

**INFORMATION SOUGHT**: Plaintiff seeks an Order of the court compelling the Defendant to provide an answer to the interrogatory, as posed. In support of its motion,

and in accordance with the holding in *Cabral v. Arruda*, 556 A.2d 47 (RI 1989), the Plaintiff's deposition was conducted on April 19, 2007 and January 10, 2008.

In accordance with the holding in *Cabral v. Arruda*, if it is the Defendant's intention to use the surveillance materials, which it has clearly indicated exists as set forth in its response to Interrogatory No. 14, then the Defendant should be compelled to provide an answer to the interrogatory. As the Rhode Island Supreme Court noted in the *Cabral* case, in personal injury trials, the presentation of surveillance materials places at issue whether and to what extent the Plaintiff was injured. These issues go to the very core of the Plaintiff's claim. In such cases, the Plaintiff satisfies the required undue hardship to require disclosure of the discovery materials.

The Defendant's response to Interrogatory No. 14 clearly establishes the existence of surveillance materials regarding the Plaintiff. As such, Plaintiff seeks a representation from defense counsel as to whether or not it intends to use the surveillance materials which it has identified in response to Interrogatory No. 14 at trial. If, in fact, the Defendant intends to use such materials at trial, Plaintiff submits that its Motion to Compel should be granted in accordance with the holding of *Cabral v. Arruda*.

GOOD FAITH CERTIFICATION

Plaintiff's counsel hereby certifies that he has made a good faith effort to obtain the information sought by and through this motion without the need for court intervention.

Plaintiff,
By and Through His Attorney,

/s/ Thomas A. Tarro, III
Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Motion to Compel*** via electronic filing on the 5th day of March, 2008, to

James H. Reilly
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Lauren Motolla-Davis
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

/s/ Thomas A. Tarro, III