UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| vs. | : | CA NO.: 06-478S |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | |
| CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**MOTION TO COMPEL MORE RESPONSIVE RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON THE DEFENDANTS, O'CONNOR CORPORATION, O'CONNOR CONSTRUCTORS, INC. AND O'CONNOR SAFETY CORPORATION**

Now comes your Plaintiff in the above-entitled matter, pursuant to Rule 37 of the Federal Rules of Civil Procedure and moves for an Order of this Honorable Court compelling the Defendants, O'Connor Corporation, O'Connor Constructors, Inc. and O'Connor Safety Corporation, to provide a more responsive response to the Second Request for Production of Documents propounded upon them, as follows:

**<u>REQUEST NO. 1:</u>** A true and exact copy of the written statement provided by Daniel Rego to Don Renovato in 2007, as testified to by Mr. Rego at his deposition, which was conducted on May 2, 2008.

**<u>RESPONSE:</u>** O'Connor Defendants have conducted due and diligent search for the written statement allegedly provided by Daniel Rego to Don Renovato in 2007, as testified by Mr. Rego at this deposition. O'Connor Defendants are not in possession of said statement.

**<u>INFORMATION SOUGHT</u>**: Plaintiff seeks an Order of the Court compelling the Defendants to provide a full and complete response to the Request for Production. Along these lines, the deposition of Daniel Rego was conducted by Plaintiff's counsel on May 2, 2008. Mr. Rego constructed the stairs which are the subject of the instant litigation at Brayton Point Power Plant. At his deposition, Mr. Rego was asked by Plaintiff's counsel if he at any time gave a written statement to anyone concerning the stairs. In response to that question, Mr. Rego testified that he did provide a written statement to Don Renovato [Transcript of Daniel Rego Deposition, p. 37]. The deponent further testified that he gave his written statement to Mr. Renovato when he met with Mr. Renovato at his request sometime in 2007 at Brayton Point Power Plant (<u>Id</u>. pp. 18-19).

The Complaint in this matter was filed on October 27, 2006; prior to the meeting that occurred between Mr. Rego and Mr. Renovato wherein Mr. Rego provided a written statement to Mr. Renovato concerning the stairs which are the subject matter of this litigation.

The Plaintiff now seeks a copy of said written statement, which is clearly discoverable and relevant to the issues related to the condition of the stairs.

In response thereto, the Defendants have indicated that they are not in "possession" of the statement.

Your Plaintiff submits that the Defendants' response is inadequate and incomplete. Mr. Rego has testified that he provided a written statement in hand to Mr. Renovato. Mr. Renovato has been involved in this litigation throughout, on behalf of the Defendants. Therefore, he was certainly aware of the issues concerning the condition of the stairs that were constructed by Mr. Rego upon which the Plaintiff tripped and injured himself on the date in question. Despite this fact, the Defendants are now taking the position that the statement of Mr. Rego is not in the "possession" of the Defendants, contrary to the testimony of Mr. Rego who has indicated without any doubt that he provided a written statement to Mr. Renovato in their meeting at Brayton Point Power Plant, which occurred in 2007; all after the Complaint in this matter was filed.

Your Plaintiff submits that the Defendants should be ordered to provide a full and complete response to the Request for Production indicating what happened to the statement (i.e. whether it was destroyed, misplaced, lost, etc.).

WHEREFORE, Plaintiff seeks an Order of the Court granting its Motion to Compel as set forth above. Plaintiff seeks a 20 Day Order for compliance.

**GOOD FAITH CERTIFICATION**

Plaintiff's counsel has made a good faith effort to obtain the information sought in this Motion without the need for Court intervention.

__/s/ Thomas A. Tarro, III, Esq.______

Plaintiff,
By and Through His Attorney,

___/s/ Thomas A. Tarro, III, Esq.______
Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing Motion to Compel More Responsive Responses to Plaintiff's Second Request for Production of Documents Propounded to the Defendants via electronic filing on the 8th day of July, 2008, to:

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Lauren Motola-Davis, Esq.
Morrison Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

_/s/ Thomas A. Tarro, III, Esq.__