UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| | : | |
| VS. | : | |
| | : | |
| O'CONNOR CORPORATION | : | |
| O'CONNOR CONSTRUCTORS, INC. | : | |
| and O'CONNOR SAFETY | : | C.A. NO: 06-478S |
| CORPORATION | : | |
| | : | |
| VS. | : | |
| | : | |
| THE BERLIN STEEL | : | |
| CONSTRUCTION COMPANY and | : | |
| HARTFORD FIRE INSURANCE | : | |
| COMPANY | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO AMEND EXTENSION ORDER**

The Defendants' state two grounds for their motion:

" Discovery has been delayed in this case due to the plaintiff's appeal of the January 17, 2008 Order of Magistrate Judge Lincoln Almond which required plaintiff to submit to a Rule 35 physical examination by Dr. John Froehlich."

"Unfortunately, the joint motion did not make it clear that the 60 day extension was sought from and after the date of its filing on June 4. The motion asked that all scheduling deadlines be extended by a period of 60 days."

Plaintiff will respond to each of these grounds separately.

## I. DELAY CAUSED BY APPEAL OF ORDER

On 12/20/07 Motion filed by Defendant Hartford Insurance Company to have Plaintiff examined by Dr. Froehlich.

On 1/17/08 the Court granted the motion subject to conditions, as follows:

TEXT ORDER granting [53] Motion for Examination. GRANTED for the reasons stated at todays hearing. However, prior to conducting the examination, Defendants shall provide notice to Plaintiff by letter to his counsel which specifies the time, place, manner, conditions and scope of the examination to be conducted by Dr. Froehlich per Fed. R. Civ. P. 35(a). So Ordered by Magistrate Judge Lincoln D. Almond on 1/17/08. (Noel, Jeannine)

On 1/31/08 Plaintiff appealed the Order.

On 5/1/08 the appeal was denied by Judge Smith.

Since May 1,2008 the following has transpired:

On 6/19/08 by letter Attorney Reilly advised that a medical exam had been scheduled with Dr. Froehlich for 8/14/08 at 8:00 a.m.

The excerpt from his letter is as follows:

I will be forwarding you notices to take the depositions of Robyn Dolan and Athena Elipoulos on July 10 and that of Dr. Puerini on July 17. I have also scheduled your client for an IME with Dr. Froehlich on August 14, at 8 A.M. in accordance with Judge Almond's Order last February.

On June 25,2008 a Notice of Medical Exam was filed by Defendants' O'Conner Constructors Inc. and O' Conner Corporation. The body of the motion stated as follows:

**NOTICE OF MEDICAL EXAMINATION**

Pursuant to the Order entered by the Court on February 21, 2008, a medical examination of plaintiff shall be conducted by Dr. John Froehlich at 8 A.M., on August 14, 2008, at University Orthopedics, 2 Dudley Street, Providence, Rhode Island, the scope of such physical examination shall include an orthopedic and neurological examination of plaintiff's hip and lower extremities.

Plaintiff opposes any extension of discovery dates should they prejudice Plaintiff. Of concern is the scheduling of an exam with Dr. Froehlich on August 14, 2008. There is no explanation as to why the examination could not be conducted at an earlier date.

Additionally, in Answers to Interrogatories the Defendants have identified three different orthopedic surgeons as expert witness.

In there initial response to the expert interrogatory the defendants stated as follows:

**<u>O'Conner Corporation and O'Conner Constructors,Inc.</u>** response dated January 30,2008:

17: If there any person that the Defendant expects to call as an expert witness at time of trial? If your answer is in the affirmative, please state as to each and every such expert witness:

a) The person's identity, giving name, profession or occupation and address;

b) The subject matter or area on which each such expert witness is to testify;

c) The substance of the facts and opinion to which each such expert is to testify.

**ANSWER 17 Defendants may call Dr. John Hayes and/or Dr. John Froehlich, both orthopedic surgeons, as to the extent of plaintiff's alleged injury.**

**<u>O'Conner Safety Corporation</u>** response dated February 25,2008:

**15.** Is there any person that the Defendant expects to call as an expert witness at time of trial? If your answer is in the affirmative, please state as to each and every such expert witness:

**a.** The person's identify, giving name, profession or occupation and address;
**b.** The subject matter or area on which each such expert witness is to testify;
**c.** The substance of the facts and opinion to which each such expert is to testify.

**Response: Defendants may call Dr. John Hayes and/or Dr. John Froehlich, both orthopedic surgeons to testify, as to the extent of plaintiff's alleged injury. This answer may be supplemented according to the Rhode Island Rules of Civil Procedure.**

In a Supplemental Answer to the Expert Interrogatory, dated April 30, 2008, the Defendant, **O'Connor Safety Corporation** identified for the first time Dr. Brennan as an expert witness:

> "Defendants may call Dr. William Brennan and/or Dr. John Froehlich, both of whom are Orthopedic Surgeons. These physicians are expected to testify with respect to Plaintiff's allegation of injury and the extent thereof, and whether Plaintiff sustained any disability as a result of the alleged incident on September 23, 2005"

In a further supplemental answer dated June 8, 2008 Defendant **O'Conner Safety Corporation** the opinions expressed by Dr. Breenan. See Exhibit "1".

At the time Defendant supplemented its Answer to the Expert Interrogatory identifying for the first time Dr. Brennan to testify as an expert in the area of orthopedic surgery - the operative Text Order concerning disclosure of Defendant's expert witnesses required said disclosure to be made by April 25, 2008. Accordingly, from a practical standpoint, the Defendant, O'Connor Safety Corporation's, supplementation of its Expert Interrogatory on April 28, 2008 and June 8,2008 identifying Dr. Brennan was beyond the time for said disclosure pursuant to the Court's Order.[1]

[1] Plaintiff recognizes that the Court has subsequently filed an Order, dated June 9, 2008, amending the discovery deadlines to allow Defendants' Expert Lists to be provided on or by May 26, 2008. However, Plaintiff brings this fact to the Court's attention to further illustrate the difficulties that Plaintiff has been

Moreover, Plaintiff submits that at no time since the denial of the appeal concerning the Court's ruling granting the Motion for Independent Medical Examination of the Plaintiff, has the Defendants complied with the conditions of the Order of Magistrate Judge Almond, and particularly, that portion of the Order which states "Defendants shall provide notice to Plaintiff by letter to his counsel which specifics the time, place, <u>manner, conditions and scope of the examination to be conducted by Dr. Froehlich</u> per Fed. R. Civ. P. 35(a). (emphasis added)

This is the case despite requests by Plaintiff's counsel for specific information concerning the manner, conditions and scope of the examination to conducted by Dr. Froehlich. Along these lines, Plaintiff's counsel forwarded correspondence to defense counsel on June 24, 2008 and again on June 26, 2008 requesting said information and in particular what types of testing will be performed on the Plaintiff. At no time have the Defendants provided this information, in compliance with Magistrate Judge Almond's Order. Without this information Plaintiff does not know the scope of the Doctors examination and will be left without an opportunity to object to the

---

confronted with due to the Defendants' late disclosures of experts and continued Motions for Extension Deadlines to dates that are convenient to the Defendants.

scope of the examination if it is unreasonable. Further Plaintiff may be precluded by time constraints from filing a motion for a protective order.

Further along these lines, Plaintiff has requested of defense counsel information concerning the date by which Dr. Froehlich's report will be available concerning the IME, as well as dates when Dr. Froehlich will be available for his deposition bearing in mind the Defendant's proposed discovery closure date for expert deposition of August 29, 2008. Defendants' have not provided any response to Plaintiff's counsel inquiry.

Plaintiff's counsel is concerned that Plaintiff will be prejudiced by the proposed dates set forth by the Defendant in its Motion to Amend the Discovery Extension Order, in that Plaintiff's counsel may not receive the report of Dr. Froehlich, nor dates for his deposition, within the short two (2) week period from the date of the examination on April 14, 2008 to the date proposed by the Defendants for all expert depositions to be concluded of August 29, 2008. Additionally Defendants may provide another supplemental answer to the expert interrogatory setting out opinions of Dr. Hayes.

Your Plaintiff urges the Court to recognize that as of this time defense counsel has in its possession Plaintiff's expert disclosures by way of Answers to the Expert Interrogatory, copies of all expert reports that have

been prepared by the Plaintiff's experts, in this matter, and have had an opportunity to conduct the depositions of all of Plaintiff's experts. The deposition of Dr. Puerini a primary care physician is scheduled to take place on Thursday, July 17, 2008. Even though Dr. Puerini's deposition was scheduled after the closure date for discovery of fact witnesses Plaintiff has no objection to same. Similarly Plaintiff had no objection to the depositions taken of two physical therapist taken on July 10,2008.

For its part, the Plaintiff has had to deal with late disclosures of Dr. William Brennan opinions by way of the Defendant's Supplemental Answer to the Expert Interrogatory provided to Plaintiff's counsel on June 8, 2008. Plaintiff's counsel has not yet conducted the deposition of Dr. Brennan and was not intending to do so until the report of Dr. Froehlich has been received assuming that the Court permits the exam to go forward. It should be further noted by the Court that no report of Dr. Brennan has been produced to Plaintiff's counsel despite the fact that the same has been requested by why of a request for production of documents dated December 27,2007 served upon all Defendants. Plaintiff at that time requested the following:

**<u>REQUEST NO.6:</u>** True and exact copies of any all reports of expert witnesses in draft or final form.

Moreover, Plaintiff does not expect to receive a report or be able to conduct the deposition of Dr. Froehlich until sometime after the IME, which is now scheduled for August 14, 2008.

In that Plaintiff 's counsel is awaiting receipt of both medical reports he is not in a position to conduct the deposition of the medical experts identified by Defendant.

In view of the foregoing, Plaintiff opposes any amendment to the discovery closure dates. Plaintiff would leave it to the Court's discretion to determine if the exam by Dr. Froehlich should go forward or if the defendant should be limited to the use of Dr. Brennan as its expert medical witness. If the Court decides to permit the exam to go forward Plaintiff would request a date by which the Doctor's report should be produced and a date by which his deposition is to be conducted. Regarding Dr. Brennan the Plaintiff would request a date by which the Doctor's report must be produced and a date by which his deposition is to be conducted.

**II. <u>Defendants are using the argument concerning the IME and the Appeal related thereto as a means to circumvent the Court's Order regarding disclosure of expert witnesses.</u>**

Plaintiff submits that the Defendants' argument concerning the need to extend discovery closure dates, due to the issues which arose concerning the IME and Appeal related thereto, is really a veiled attempted to disclose a

safety expert witness, John P. O'Donnovan, on behalf of the Defendant, O'Connor Safety Corporation; which otherwise would have been precluded by prior Discovery Orders of the Court.

By way of background, the Plaintiff first disclosed its safety expert, Robert Carr, in Answers to the Expert Interrogatory on or about July 13, 2007. Subsequently, Plaintiff's counsel provided the Defendants' counsel with Mr. Carr's report. On January 7, 2008, defense counsel conducted Mr. Carr's deposition.

As of January, 2008, the operative Order of the Court concerning discovery deadlines, dated November 19, 2007, stated as follows:

> TEXT ORDER: Granting Motion for extension of time to complete discovery as follows: Fact discovery closes January 31, 2008; Disposition Motions shall be filed by January 31, 2008; Pretrial Memorandum shall be filed 30 days after decision on any disposition motions, or if no dispositive motions are filed, 2/31/08.[2]

Subsequently, on January 14, 2008, the Plaintiff filed a Motion to Extend Discovery Closure Dates an additional 30 days to March 2, 2008. As grounds for the Motion, Plaintiff stated that it had yet to receive the Defendants' Answers to Interrogatories and Response to Document Request. The Plaintiff had filed a Motion to Compel Response to Discovery as to

[2] The Text Order, dated November 19, 2007, extending discovery deadlines was a result of an assented Joint Motion , which had been filed by the Defendants for a 60 Day Extension for completion of discovery.

Defendant O'Connor Corporation. But, at the time of filing the Motion to Extend, the Motion had not been ruled upon nor scheduled for hearing.

On January 24, 2008, a Text Order entered stating as follows:

> Set/Reset Deadlines: Fact Discovery due by 3/4/2008. Defendants' Expert List due by 4/24/2008. Plaintiff shall depose Defendants' experts by 5/30/2008. Dispositive Motions due by 5/30/2008. Pretrial Memorandum due by 6/30/2008 or 30 days after decision on any Disposition Motions.

On January 31, 2008, Defendants, O'Connor Corporation and O'Connor Constructors, filed their Answers to Interrogatories. With respect to the expert interrogatory, the Defendants responded as follows:

> "Defendants may call "Dr. John Hayes and/or Dr. John Froehlich, both Orthopedic Surgeons, as to the extent of the Plaintiff's injuries."

On February 25, 2008, Plaintiff's counsel received the Defendant, O'Connor Safety Corporation's, Answers to Interrogatories. In response to the expert interrogatory, Defendant stated:

> "Defendants may call Dr. John Hayes and/or Dr. John Froehlich, both Orthopedic Surgeons to testify, as to the extent of Plaintiff's alleged injury. This answer may be supplemental according to the Rhode Island Rules of Civil Procedure."

Subsequently, on April 30, 2008, Defendant, O'Connor Safety Corporation, filed a More Responsive Answer to the Expert Interrogatory as follows:

> "Defendants may call Dr. William Brennan and/or Dr. John Froehlich, both of whom are Orthopedic Surgeons. These physicians are expected to testify with respect to Plaintiff's allegation of injury and the extent thereof, and whether Plaintiff sustained any disability as a result of the alleged incident on September 23, 2005."[3]

On June 4, 2008, the Defendants filed a Joint Motion to Extend Discovery Deadlines an additional 60 days. This motion was filed after counsel received notice of a calendar call and a July 1,2008 empanelment.

The basis of the Motion was the delay which occurred regarding the appeal of the ruling granting the Defendants' Motion for Independent Medical Examination of the Plaintiff. The Text Order, dated June 9, 2008, provided:

> "TEXT ORDER: Granting Motion for Extension of Time to Complete Discovery as follows: Fact Discovery closes 6/4/2008; Plaintiff shall depose Defendants' experts by 6/30/2008; <u>Defendants' Expert List due by 5/26/2008</u>; Dispositive Motion shall be filed by 6/30/2008; Pretrial Memoranda shall be filed 30 days after Decision on any Dispositive Motions, or if no Dispositive Motions are filed, 7/21/2008. NO FURTHER REQUESTS FOR EXTENSIONS WILL BE GRANTED" (emphasis added)

On June 10, 2008, the Defendant, O'Connor Safety Corporation, filed a Supplemental Answer to the Expert Interrogatory setting forth, in further

[3] Pursuant to the operative Text Order, dated January 29, 2008, the Defendants were required to make expert disclosures on or by April 25, 2008.

detail, the substance of the facts and opinions to which Dr. Brennan would testify to at trial.

On June 19, 2008, defense counsel, James Reilly forwarded a correspondence to Plaintiff's counsel proposing an extension of the discovery deadlines in the matter, and particularly, proposing that Defendants' Expert List be filed by July 15, 2008 and that Defendants' expert depositions be conducted by August 29, 2008. In said correspondence, defense counsel identifies <u>for the first time</u> John P. O'Donnovan, as a Safety Expert, who had been retained by the Defendant.

On July 7, 2008, the Defendant filed another Motion to Amend the Court's Order regarding discovery deadlines; which is the subject of Plaintiff's instant responsive memorandum.

On July 8, 2008, the Defendant, O'Connor Safety Corporation, filed an additional More Responsive Answer to the Expert Interrogatory identifying John P. O'Connor as a safety expert to testify on behalf of the Defendant. See Exhibit "2".

Prior to the Defendant, O'Connor Safety Corporation's, Supplemental Answer to the Expert Interrogatory, dated July 8, 2008, none of the Defendants, in this matter, had identified a Safety Expert to testify in this matter nor to address any of the opinions set forth by the Plaintiff's

Safety Expert, Robert Carr. Plaintiff respectively reminds the Court that Plaintiff's disclosure of its Safety Expert was first made by way of answer to the Expert Interrogatory on or about July 13, 2007. Moreover, Defendants conducted Mr. Carr's deposition on January 7, 2008.

The Defendants have offered no explanation as to the great delay in identifying a Safety Expert in this matter. Moreover, and more importantly, the disclosure of said expert is untimely pursuant to the Court's Orders with respect to expert disclosure. Indeed, the operative Order, dated, June 9, 2008, required the Defendants to provide its Expert List to Plaintiffs on or by May 26, 2008. The disclosure of Mr. O'Donnovan by way of correspondence on June 19, 2008 and by way supplementation to the Expert Interrogatory on July 8, 2008 is far beyond the discovery deadline set by the Court in its Order. As such, your Plaintiff submits that Mr. O'Donnovan should be precluded from testifying as a Safety Expert on behalf of the Defendants in this matter.

Moreover, Plaintiff urges the Court to recognize that the Defendant's pending Motion to Extend Discovery Deadlines, based on the delay related to the appeal taken from the granting of Defendants' Motion to conduct an IME of the Plaintiff bears no relationship whatsoever to the Defendants' failure to identify a Safety Expert, in this matter, in a timely fashion. It is

undisputable that the Plaintiff had disclosed its Safety Expert as early as July 2007 and the Defendants had an opportunity to conduct the Plaintiff's Safety Expert's deposition on January 2008; almost one (1) year after Plaintiff's disclosure of its Safety Expert in Answers to Interrogatories and six (6) months after defense counsel conducted the deposition of Plaintiff's Safety Expert.

The Defendant's pending Motion is really an attempt to circumvent the Court's prior Orders with respect to expert disclosure, in order to allow the Defendant now to identify a Safety Expert after the date for disclosure said expert should have been made pursuant to the Court's Orders. The Defendant's reliance on its argument concerning the Appeal of the Order granting the Defendant's Motion to Conduct an IME of the Plaintiff in no way supports any position that the Defendant should be allowed to now make a late disclosure of a Safety Expert, in this matter.

## III. **CONCLUSION**

Based on the foregoing, the Plaintiff provides its response to the Defendant's Motion to Amend Extension Order, and specifically, opposes any extension of the discovery date, which may prejudice the Plaintiff. In this regard, if the Defendant's Motion is granted by the Court including the discovery deadline dates proposed therein, Plaintiff would ask that the Order

be without prejudice to Plaintiff being allowed to seek leave for further extension of said deadlines in order to obtain the reports and conduct the depositions of the Defendants' experts.

Plaintiff,
By and through his attorney,
/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, Esq. (2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 fax

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Plaintiff's Motion to Amend Extension Order to the following on the 11th day of July, 2008:

John T. Walsh, Jr., Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

James H. Reilly, Esq.
Donald Maroney, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

Loraine Motola-Davis, Esq.
Morrison, Mahoney, LLP
121 South Main Street
Providence, RI 02903

/s/ Thomas A. Tarro, III