UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR<br><br>VS.<br><br>O'CONNOR CORPORATION, O'CONNOR CONSTRUCTORS, INC., and O'CONNOR SAFETY CORPORATION<br><br>VS.<br><br>THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | C.A. NO.: 06-478S |

**DEFENDANT O'CONNOR SAFETY CORPORATION'S ADDITIONAL MORE RESPONSIVE ANSWER TO PLAINTIFF'S INTERROGATORY NO. 15**

15. Is there any person that the Defendant expects to call as an expert witness at time of trial? If your answer is in the affirmative, please state as to each and every such expert witness:

a. The person's identify, giving name, profession or occupation and address;
b. The subject matter or area on which each such expert witness is to testify;
c. The substance of the facts and opinion to which each such expert is to testify.

Response: Defendants may call Dr. John Hayes and/or Dr. John Froehlich, both orthopedic surgeons to testify, as to the extent of plaintiff's alleged injury. This answer may be supplemented according to the Rhode Island Rules of Civil Procedure.

More Responsive Answer: Defendants may call Dr. William Brennan and/or Dr. John Froehlich, both of whom are orthopedic surgeons. These physicians are expected to testify with respect to plaintiff's allegation of injury and the extent thereof, and whether plaintiff sustained any disability as the result of the alleged incident of September 23, 2005.

**Additional More Responsive Answer: Dr. Brennan has examined the deposition**

BB7620

EXHIBIT 1

testimony of John MacArthur given on April 19, 2007, and January 10, 2008, regarding the tripping incident at Brayton Point alleged on September 23, 2005, and Mr. MacArthur's continued employment as an ironworker thereafter, until November 4, 2005. He has reviewed Mr. MacArthur's testimony as to the sudden onset of pain during the night of November 3-4, 2005. Dr. Brennan has reviewed all of Mr. MacArthur's x-ray and MRI films, including the following: Prima Care--11/4/05 x-rays of the pelvis and hip joint; Peter Pizzarello, M.D.--9/19/06 x-rays of the pelvis and hip; and Kent County Memorial Hospital--/12/06 eleven (11) MRI films of the pelvis. He also reviewed all of Mr. MacArthur's relevant medical reports, including the records of Dr. Albert J. Puerini for treatment rendered pre-incident from 1999 to 2003, and on 4/22/03, 6/16/03, 12/30/03, 1/8/04, 1/16/04, 6/14/04, 12/14/04, 8/9/05, and post-incident on 11/29/05, 12/13/05, 1/10/06, 3/12/06, 6/12/06, 7/18/06, 12/18/06, 2/7/07, 5/29/07 and 6/26/07, and the report of Dr. Peter J. Pizzarello dated 9/19/06. In addition, Dr. Brennan has reviewed the entire concealed video obtained on November 14, 2007, and the concealed video obtained on December 1, 2007, at Healthtrax Fitness and Wellness Center, together with other surveillance video secured on 11/2/07, 11/8/07, 11/9/07, 11/14/07, 11/15/07, 11/16/07, 11/19/07, 11/20/07, 11/24/07, 12/1/07, 12/12/07, 12/17/07, 12/20/07, and 12/21/07, at Healthtrax Fitness and Wellness Center in Warwick. Dr. Brennan has also reviewed the records of Al Sabella (rehabilitation), Robin Dolan of D&H Therapy, and Athena Elipoulos, M.P.T.

On the basis of his review of the above materials, Dr. Brennan will testify that, in his professional judgment, he believes the following opinions are true within a reasonable degree of medical certainty:

(1) On September 23, 2005, the date that Mr. MacArthur's tripping incident was reported, Mr. MacArthur was in excellent physical condition as the result of vigorous physical exercise and work-outs that he had engaged in on a regular basis for years prior to that date. The tripping incident did not involve a fall or any direct trauma, bruise, abrasion, laceration or damage to Mr. MacArthur's hip joint and there is no evidence on x-rays of any recent musculoskeletal damage or injury that occurred at that time. Mr. MacArthur remained capable of performing his usual and ordinary work as an ironworker, and did, in fact, continue his normal work without medical treatment and without interruption until November 4, 2005. Consequently, the tripping incident, in Dr. Brennan's opinion, did not result in or cause any disability. Mr. MacArthur was capable of performing his usual duties as an ironworker until he left work on or about November 4, 2005, for reasons unrelated to the tripping incident.

(2) the sudden unexplained onset of pain during the evening before November 4, 2005, as described by Mr. MacArthur is of unknown origin. There is no evidence in the history or in the x-rays that this onset of pain was causally or medically related to the tripping incident reported on September 23, 2005.

(3) the x-ray reports, and particularly those taken on November 4, 2005, at Prima Care, demonstrate that Mr. MacArthur already had advanced degenerative arthritis to his right hip joint, most probably resulting from his prior history of regular vigorous physical exercise of his hip joint, together with the performance of his work as an ironworker. Mr. MacArthur's arthritic condition was pre-existing and was not caused or aggravated by the tripping incident reported on September 23, 2005, which did not cause Mr. MacArthur to become disabled for work.

(4) the concealed video tapes, particularly those of November 24 and December 1, confirm the history in Dr. Puerini's report which indicated that Mr. MacArthur was capable of continuing his vigorous physical work-outs immediately following the date upon which he left work on November 4, 2005, and certainly on the dates when the videotapes were obtained. On the basis of Mr. MacArthur's testimony, the x-ray reports, the contents of his medical records and the videotapes, Dr. Brennan will testify that, in his opinion, Mr. MacArthur sustained no disability as the result of the reported tripping incident at any time, and continues to enjoy excellent physical health.

O'CONNOR SAFETY CORPORATION

By: Eugene Wahlberg

Subscribed and Sworn to before me 8th day of June 2008.

Notary Public
My Commission Expires: 10/1/2016

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 10th day of June, 2008, a true copy of the within was forwarded by regular mail to the following counsel of record:

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
Ttarro3rd@Tarrolawfirm.com

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903
jreilly@kkrs.com

Amy Parker, Esq.
Morrison, Mahoney, LLP
10 Weybosset Street, 9th floor
Providence, RI 02903

Beverly Silva

BB7620