UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN MACARTHUR | : | |
| VS. | : | |
| O'CONNOR CORPORATION O'CONNOR CONSTRUCTORS, INC. and O'CONNOR SAFETY CORPORATION | : | C.A. NO.: 06-478S |
| VS. | : | |
| THE BERLIN STEEL CONSTRUCTION COMPANY and HARTFORD FIRE INSURANCE COMPANY | : | |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO DEFENDNATS' JOINT MOION TO AMEND THE COURT'S ORDER OF JUNE 9, 2008**

Defendants submit this reply memorandum to Plaintiff's Response to Defendants' joint motion to amend the Court's Order of June 9, 2008 regarding extension of the Scheduling Order. Plaintiff alleges that he will be prejudiced by the discovery extensions requested by the Defendants. Defendants have made every effort to meet discovery deadlines and do not believe that these extensions will in any way prejudice the Plaintiff. The only prejudice and/or delay in discovery has been caused by Plaintiff's own conduct.

The delay began with Plaintiff's Objection to Defendant's Joint Motion for Rule 35 Physical Examination. Defendants filed a Joint Motion to be conducted by Dr. John Froehlich. In response Plaintiff filed an Objection, to Defendants' Motion requesting that plaintiff's counsel be present at the exam along with a videographer. As this is quite an

unusual request, Plaintiff was fully aware that this request could potentially delay the exam. On January 17, 2008, a hearing was conducted before Magistrate Almond and the Court granted Defendants' Rule 35 Motion for Physical Examination and denied Plaintiff's requests. Not satisfied with this result, the Plaintiff further delayed the scheduling of the exam by filing an appeal. The appeal took time to resolve, and, ultimately, Judge Smith denied Plaintiff's appeal on May 1, 2008. Thereafter, Defendants could not reschedule the medical examination with Dr. Froehlich until August 14, 2008.

Plaintiff was fully aware that the unusual request of having plaintiff's counsel and a videographer present at the Plaintiff's medical exam would certainly delay discovery. Plaintiff also realized that rescheduling of the medical exam would take time and that obtaining a report from the doctor would consume time, as would the taking of the examining physician's deposition if plaintiff sought to do so. At all times Plaintiff knew that his own discovery tactics would affect the duration of the discovery.

Before filing this joint motion to extend, the Defendants sought an agreement with Plaintiff's counsel for an extension. Plaintiff's counsel refused to join in the motion despite the fact that it is probable that plaintiff's attorney will seek to take the deposition of defendants' safety expert, John O'Donovan, and the examining physician, Dr. Froehlich. The refusal came at a time when the medical examination by Dr. Froehlich had not been rescheduled because of the appeal. Plaintiff has also recently filed Supplemental Answers to Interrogatories identifying three additional co-workers who have some knowledge of his accident and presumably will testify at trial. The depositions of plaintiff's newly identified expert Athena Elipolous was just taken on July

10, 2008, along with the deposition of Robin Dolan, followed by the deposition of the newly identified primary care physician, Dr. Albert Puerini, which was held on July 17, 2008.

When Defendants' joint motion for extension of discovery dates was recently granted, the extension was granted retrospectively instead of prospectively, as intended by Defendants. (This was probably an oversight on the part of the Defendants in not making the motion clearer.) However, an obvious dilemma existed because the Court order extended dates that had already expired on the date of issuance of the order. Attorney Reilly then had discussions with the Court in which the clerk suggested that all of the parties get together and agree on discovery deadlines. Repeated efforts were made by Attorneys Reilly and Walsh to elicit Plaintiff's cooperation. However, Plaintiff refused to agree, saying that the Court order should be considered operative. This has now required the filing of the present motion which will clearly absorb additional time to resolve.

Instead of getting on with discovery, Plaintiff, for whatever reason, has engaged in tactics that have resulted in wheel spinning. As a consequence, the Court is required to resolve issues that should easily have been resolved by counsel without Court intervention. It is Defendants' position that the present objection to their motion to extend is just more gamesmanship. At no time did Plaintiff's attorney ever register any compliant about being prejudiced, either in the form of a letter or a telephone call, because of Defendants' lack of disclosure which has now been completed except for Dr. Froehlich.

The present motion to Amend the Scheduling Order of June 9, 2008 should be

granted. Defendants should be accorded a reasonable time to complete discovery which is necessitated by Plaintiff's recent disclosures of new witnesses, the impending medical examination by Dr. Froehlich and the Defendants' opportunity to make additional disclosures when and if warranted by Dr. Froehlich's findings.

Defendant, O'Connor Safety Corporation,
By its attorneys,

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

/s/ James H. Reilly_______
James H. Reilly #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Third-Party Plaintiff
O'Connor Corporation and
O'Connor Constructors, Inc.
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

/s/ Amy A. Parker__________
AMY A. PARKER #5906
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, Rhode Island 02903
(401) 331-4660

To: Thomas A. Tarro, III, Esquire
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East- Suite 330
300 Centerville Road
Warwick, Rhode Island 02886

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electron Filing (NEF) on July 24, 2008, and that there are no non-registered participants.

/s/ John T. Walsh, Jr., Esq.